## DANNEBROGE GOLD QUARTZ MINING COMPANY *v.* J. T. ALLMENT AND H. BARRETT.

CERTIFICATE OF INCORPORATION AS EVIDENCE.—The certificate of incorporation of a company claiming in good faith to be a corporation under the laws of this State, and doing business as such corporation, is admissible in evidence in a private suit to which the company is a party, as evidence of its right to act as a corporation, although it is not acknowledged by all the corporators.

CONTESTING RIGHT TO ACT AS A CORPORATION.— The right of a company, doing business as a corporation *de facto*, and claiming in good faith to be a corporation under the laws of this State, to act as a corporation, cannot be inquired into collaterally, in a private action to which the corporation *de facto* may be a party.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

The defendant Allment, on the 21st day of May, 1863, recovered judgment in the District Court of Yuba County, against H. Harris & Co., for the sum of eleven hundred and forty dollars and ten cents, and on the 4th day of June, 1863, procured an execution to be issued on the same, which was placed in the hands of defendant Barrett, who was Sheriff of Yuba County. Barrett, by virtue of the execution, levied upon—as the property of Harris & Co.—a mineral lode or vein in Brown's Valley, Yuba County, formerly known as the Plymouth Ledge, but then called the Dannebroge Gold Quartz Mining Company's Ledge, together with a steam mill erected thereon, and advertised the same for sale. Plaintiff claimed to own the ledge and mill, and filed a bill in equity to enjoin the sale.

The complaint averred that plaintiff was a company duly incorporated for mining purposes, and was formed under the laws of this State, and that plaintiff had claimed and still claimed in good faith to be a corporation under the laws of this State, and had done and still did business as such corporation.

The answer denied these allegations.

On the trial, plaintiff offered in evidence the certificate of incorporation. The same purported to be signed by H. Harris, Chris. Reis, and M. D. Howell. It was duly acknowledged by Reis and Howell. Harris acknowledged it by Charles L. Farrington, his attorney in fact.

Counsel for plaintiff also offered, in connection with the certificate, to prove that the parties signing the same, immediately after the execution and filing of the same, organized as a corporation, issued stock, and did business as a corporation, and claimed in good faith to be a corporation, etc.

Defendants' attorneys objected to the introduction in evidence of the certificate of incorporation and accompanying proofs, upon the ground that the certificate was not acknowledged by H. Harris, and was therefore void.

The Court sustained the objection, and plaintiff excepted.

Judgment was rendered in favor of defendants, and plaintiff appealed.

*W. C. Belcher*, and *C. E. Filkins*, for Appellant.

It must be assumed, for the purpose of this appeal, that the plaintiff could have proved, if permitted, all it offered to prove. (*Hackett* v. *Manlove*, 14 Cal. 90 ; *Hawley* v. *Bader*, 15 Cal. 44.)

The question of the due incorporation of the plaintiff and of its right to exercise corporate powers could not be inquired into in this action. The certificate of incorporation made by Harris, Reis, and Howell, with the accompanying proof offered, should therefore have been received in evidence to show at least a *de facto* corporation, good in all collateral proceedings and against all the world, except the State, and the Court erred in excluding it. (Acts of 1862, p. 110 ; *Black River R. R. Co.* v. *Barnard*, 31 Barb. 258 : *Spring Valley Water Works* v. *City and County of San Francisco*, 22 Cal. 434 ; *Caryl* v. *McElrath*, 3 Sand. 178 ; *Searsburgh T. Co.* v. *Cutter*, 6 Vt. 323 ; *Dunning* v. *New Albany and Salem R. R. Co.*, 2 Ind. 437 ; *Judah* v. *Am. Live Stock Ins. Co.*, 4 Ind. 338.)

*J. O. Goodwin*, for Respondents.

By the Court, SANDERSON, C. J.

The Court below erred in excluding the certificate of incorporation and accompanying evidence. The sixth section of the Act concerning incorporations, as amended in 1862. (Statutes of 1862, p. 110,) provides " that the question of the due incorporation of any company claiming in good faith to be a corporation under the laws of this State, and doing business as such corporation, or of its right to exercise corporate powers, shall not be inquired into, collaterally, in any private suit to which such *de facto* corporation may be a party; but such inquiry may be had at the suit of the State on information of the Attorney-General."

Judgment reversed and new trial ordered.