THE OROVILLE AND VIRGINIA RAILROAD CO. *v.* THE SUPERVISORS OF PLUMAS COUNTY.

Denial of Incorporation in Pleading.—The proviso to the sixth section of the general Incorporation Act, concerning a collateral inquiry into the existence of a corporation, does not preclude a private person, in an action brought against him by a corporation, from denying the existence *de jure* or *de facto* of an alleged corporation.

Idem.—The mere allegation in a pleading that a party is a corporation does not put its existence as a corporation beyond the reach of inquiry.

Proof that Company is a Corporation.—When the right to act as a corporation is denied, the company claiming to be such must show that it claims in good faith to be a corporation under the laws of this State, and is doing business as such corporation.

Compliance with Corporation Act.—An attempt to comply with the statute concerning corporations, and a substantial compliance with its provisions, renders a company claiming in good faith to be a corporation - a corporation *de jure.*

Creating Corporations.—A corporation not a municipal one cannot be created by an Act of the Legislature recognizing its existence. Such corporations can only be created by general laws.

Issuing Writ of Mandate.—If a county is compelled by law to subscribe to the stock of a corporation, the corporation must tender its books to the officers of the county and demand the subscription before it can apply for a writ of mandate.

Motion to Strike out Parts of Pleading.—A motion to strike out portions of a pleading admits only those averments contained in said portions which are well pleaded.

Plea of Fraud.—A plea of fraud should aver the acts constituting the fraud.

Fraud in Passing a Law.—An Act of the Legislature cannot be attacked on the ground of fraud.

Plea of Another Action Pending.—The pendency of proceedings in *quo warranto* against the persons claiming to compose a corporation, to try their right to exercise corporate powers, is no defense to an action for a writ of mandate brought by the corporation to compel a county to subscribe to its capital stock and issue its bonds therefor. Such proceedings have no place in an answer as grounds to procure a stay of proceedings of the mandate suit.

This was an application to this Court for a writ of mandate to compel the Board of Supervisors of the County of Plumas to subscribe to the capital stock of the Oroville and Virginia City Railroad Company the sum of two hundred and thirty thousand dollars, and to issue to said corporation the bonds of the county in payment of the subscription.

The Legislature passed an Act, approved March 30th, 1868, the first three sections of which are as follows:

"Section 1. The Board of Supervisors of Plumas County, California, are hereby directed to meet at the county seat of said county on the second Monday in April, eighteen hundred and sixty-eight, and then and there are authorized and directed to take and subscribe to the capital stock of the Oroville and Virginia City Railroad Company the sum of two hundred and thirty thousand dollars.

"SEC. 2. Said subscription shall be made substantially in the following form: 'The County of Plumas does hereby take and subscribe two hundred and thirty thousand dollars to the capital stock of the Oroville and Virginia City Railroad Company, this subscription to be paid in the bonds of said County of Plumas, bearing interest at the rate of ten per cent per annum, payable annually—principle payable in twenty years from date of issuance—both principle and interest in United States gold coin.' Which said subscription shall be entered on the records of the said Board of Supervisors and on the books of said company, and shall be signed by the acting Chairman of said Board of Supervisors.

"SEC. 3. Eighty thousand dollars of said subscription shall be at once paid in bonds of said county to the Secretary and Treasurer of said railroad company, who shall then and there receipt to the said Board of Supervisors of said county for the same, and shall also issue and deliver to the said Board of Supervisors of said county certificates of paid up stock in said company for the amount of said bonds."

The remaining sections of the Act are not material to the points decided.

On the 21st of December, 1868, the plaintiff petitioned the Supreme Court for a writ of mandate to compel the defendant to issue the bonds and make the subscription, as required by the Act. The petition averred that the plaintiff was a corporation, and that the plaintiff had demanded of the defendant to make the subscription and issue the bonds, but that the defendant had failed and neglected so to do. The answer contained the following averment:

"Respondent further avers, that on the 20th day of June, 1868, an action of *quo warranto* was duly instituted in the District Court of the Second Judicial District of the State of California, in and for the County of Plumas, by the Attorney General of said State, in the name of the People of said State, upon the relation of said County of Plumas, against

said persons so claiming to compose said Oroville and Virginia City Railroad Company, charging that said persons had wrongfully and fraudulently usurped and intruded into a corporate franchise within this State, under said name, in which said action the right of said Oroville and Virginia City Railroad Company to be a corporation, or to exercise corporate powers under the laws of this State, was put in issue; that said action is and was at the time of the commencement of this proceeding still pending and undetermined, and is now before this Court upon appeal."

An order was made by the Court, directing an alternative writ to issue, returnable on the second Monday of January, 1868.

The other facts are stated in the opinion of the Court.

*Haymond & Stratton,* for the Petitioner, in support of the motion.

The legal effect of the motion is, that petitioner admits all facts well pleaded in the answer. (*Commonwealth* v. *Casey,* 32 Penn. 218.) The first paragraph of the answer denies the legal existence of the corporation. This is not good. That question cannot be tried collaterally. (Corporation Act, Sec. 6, Stats. 1862, p. 110.) The second paragraph of the answer is a denial of the demand alleged in the petition. This raises an immaterial issue. No demand was necessary. (*Commonwealth* v. *Allegheny County,* 37 Penn.; *Commonwealth* v. *Middleton,* 37 Penn. 237; *Hamilton* v. *The Councils,* 34 Penn. 512–523; *Maddox* v. *Graham,* 2 Met., Ky., 70.) No principle is better established than that the "irregular or non-performance of acts relating to the organization of a corporation can only be investigated in a direct proceeding instituted by the State for that purpose, and not in a collateral action." (*Spring Valley Water Co.* v. *San Francisco,* 22 Cal. 441 ; *McFarland* v. *Triton Insurance Co.,* 4 Denio, 392; *Eaton* v. *Aspinwall,* 19 N. Y. 119; —— v. *McElrath,* 3 Sand., S. C., 176; *Searsburgh T. Co.* v. *Cotter,* 6 Vt. 323;

*Dunning* v. *New Albany and Salem Railroad Co.*, 2 Ind. 437; *Judah* v. *American Live Stock Insurance Co.*, 4 Ind. 338.) The fifth paragraph seeks to avoid the Act by an allegation that it was passed by fraud. The precedents are numerous and conclusive that the validity of a public Act cannot be put in issue by a plea. (*Sherman* v. *Story*, 30 Cal. 266; *State* v. *Young*, N. J., 5 Am. Law Register, N. S., 679.)

*Van Clief & Gear*, for Defendant.

The first paragraph consists of a direct and positive denial of the legal existence of the petitioner. The motion admits the truth of this denial. But if petitioner is not a corporation, the petition must fail, for two reasons that are obvious: First—The Act of the Legislature is inoperative for want of a grantee capable of taking under its provisions. Second— The petitioner has no standing in Court, for, having no legal existence, it has no capacity to sue. And it fails on the issue presented by itself.

Counsel for the petitioner have cited several authorities holding that causes of forfeiture of a corporate charter cannot be taken advantage of collaterally. These authorities have no application, for, by confession, petitioner never had any corporate charter. It is time enough to consider the extent to which our objections in this case may go when petitioner has properly established a *bona fide* and *de facto* corporate existence.

In *Dannebroge Mining Company* v. *Allment*, 26 Cal. 286, where this Court applied the protection of this statute, the complaint averred "that plaintiff had claimed and still claimed in good faith to be a corporation under the laws of this State, and had done and still did business as such corporation." The answer denied these allegations. This Court reversed the judgment because plaintiff was not permitted to prove them. The allegations were then material and issuable.

Petitioner very strenuously objects to our plea of the *quo*

*warranto* pending. Counsel have cited numerous authorities to establish the elementary principle that another action pending cannot be pleaded in abatement unless it is between the same parties and for the same cause. But this principle is inapplicable, for we do not plead the *quo warranto* in abatement. We have simply addressed it as an application to the discretion of the Court for a stay of proceedings in this case, and "that the hearing of the same be postponed until said action of *quo warranto* shall be finally determined."

It is argued that petitioner would not be bound by a final judgment in favor of the People in the *quo warranto* suit, for the reason that said suit is not against the corporation by name, but against certain persons claiming to compose it. Such was the only mode in which the *quo warranto* could have been brought. (*People* v. *Saratoga and Rensselaer Railroad Company*, 15 Wend, 113.) The motion here admits that the individuals sued in the *quo warranto* action are the ones who constitute the petitioner. The petitioner must therefore stand or fall by the result of that action.


By the Court, Rhodes, J.:

The petitioner moves that the answer be stricken out, on the ground that it is irrelevant and immaterial, and does not show a legal answer to the writ; and he also moves that the several paragraphs of the answer be stricken out as irrelevant and immaterial.

The first paragraph denies that the Oroville and Virginia City Railroad Company now is or ever was a corporation organized or existing under the laws of the State of California, or otherwise. The third paragraph avers that the petitioner is not entitled to the benefit of a *bona fide* corporation, for that the persons claiming to compose the same do not claim in *good faith* to be a corporation, and have not in good faith attempted to comply with the provisions of the law providing for the incorporation of railroad companies, and are not actually doing business as a railroad corporation. The

fourth paragraph alleges, both generally and particularly, the failure on the part of the persons who claim to compose the corporation to comply with the law in organizing the corporation.

It is contended on the part of the petitioner that the proviso to the sixth section of the general Incorporation Act, as amended in 1862, (Stats. 1862, p. 110,) renders these allegations immaterial. The proviso is as follows : "Provided, that the question of the due incorporation of any company claiming in good faith to be a corporation under the laws of this State, and doing business as such corporation, or of its rights to exercise corporate powers, shall not be inquired into collaterally in any private suit to which such *de facto* corporation may be a party, but such inquiry may be had at the suit of the State or [on] information of the Attorney General." This provision does not go to the extent of precluding a private person from denying the existence *de jure* or *de facto* of an alleged corporation. It cannot be true that the mere allegation that a party is a corporation puts the question, whether it is such a corporation, beyond the reach of inquiry in a suit with a private person. It must be a corporation either *de jure* or *de facto*, or it has no legal capacity to sue or be sued, nor any capacity of any kind. It is an indispensable allegation in an action brought by a corporation, that the plaintiff is a corporation; and it results from the logic of pleading that the opposite party may deny the allegation. Were this not so, any number of different bodies of men, each body styling itself the Directors of a given railroad company, might bring separate actions against the county, and it is impossible to see why each would not succeed in the action, upon showing that it was the duty of the Board of Supervisors to subscribe to the capital stock of the given corporation and issue the county bonds. It is not contemplated that the allegation that the company was duly organized should put the fact beyond dispute and dispense with all evidence. The statute furnishes a rule of evidence. It is declared that the *due* incorporation of any company

shall not be inquired into collaterally in any private suit, etc., in a certain case; that is, when the company claims in *good faith* to be a corporation under the laws of this State, *and* is doing business as such corporation. The alleged corporation must both claim in *good faith* that it is such corporation, and must be doing business as such corporation; and then its *due* incorporation cannot be inquired into collaterally. To say that the " due incorporation" cannot be inquired into collaterally, does not mean that no inquiry can be made as to whether it is a corporation. Many of the acts required to be performed in order to make a complete organization of the corporation may have been irregularly performed, or some of them may have been entirely omitted, and the rule of the statute is, that such irregular or defective performance shall not defeat the incorporation when drawn into question collaterally. The omission of the names and number of the first trustees from the articles of association, the failure to file a duplicate of the articles of association with the Secretary of State, an incorrect statement of the length of the road, an omission of the statement of the principal place of business, and many other irregularities of the kind mentioned in *Spring Valley Water Works* v. *San Francisco*, 22 Cal. 440, the insufficient acknowledgment of the articles of incorporation, (*Dannebroge Mining Company* v. *Allment*, 26 Cal. 286,) are irregularities that will not defeat the corporation, when its organization is collaterally called in question. A substantial compliance with the requirements of the statute will be sufficient to show a corporation *de jure* in an action between the corporation and a private person. But suppose a body of men meet and declare that they constitute the corporation, but neither subscribe to the capital stock, nor adopt articles of association, nor appoint any officers, nor perform any act in the organization of the corporation, nor transact any business as a corporation, except in demanding that the Board of Supervisors subscribe to the stock and deliver the county bonds, they cannot claim the benefit of the proviso, for they

Cal. Reps. XXXVII—46

do not claim in *good faith* to be a corporation, and are not *doing business* as a corporation.

There are no cases of which we are aware holding that no proof of the corporate existence of the plaintiff is required, except in those States in which it is held that the general issue, without any objection to the capacity of the plaintiff, dispenses with all proof on that point. This is on the familiar rule that by pleading to the merits the defendant admits the capacity of the plaintiff to sue. But when the objection is taken by plea in abatement, the plaintiff must prove its corporate existence. If evidence is required on that point, it must be because that is a point in issue, and it cannot be in issue unless it be affirmed in the pleading on one side and denied on the other. (See Ang. & Ames on Corp., Sec. 631, and cases cited.)

But it is claimed that the existence of the corporation is recognized by the Act requiring the county to subscribe to the stock of the company. Admitting such to be the case, that will not overcome the difficulty; for a corporation of this character cannot be created by legislative recognition, the Constitution (Article IV, Section 31) prohibiting the creation of corporations, except for municipal purposes, otherwise than by general laws.

The second paragraph denies that the company demanded that the Board subscribe to the capital stock of the company. This forms a material issue. The subscription was to be made upon the books of the company, and entered in the records of the Board. It was the duty of the company to tender their books and request the subscription, and not of the Board to request the company to produce their books for that purpose. "It is an imperative rule of the law of mandamus that, previously to the making of the application to the Court for the writ to command the performance of a particular act, an express and distinct *demand* or request to perform it must have been made by the prosecutor to the defendant, who must have refused to comply with such demand, either in direct terms or by conduct from which a

refusal can be conclusively implied, it being due to the defendant to have the option of either doing or refusing to do that which is required of him, before an application shall be made to the Court for the purpose of compelling him." (Tapping on Mand. 282; see, also, *People* v. *Romero,* 18 Cal. 90; *Crandall* v. *Amador County,* 20 Cal. 72.) This rule is applicable in cases where the petitioner or relator has a private interest in or claims the immediate benefit of the act or proceeding required to be done or taken; but when the act or proceeding amounts to a mere public duty, without any immediate benefit to the petitioner or relator, the rule may be otherwise.

The fifth paragraph, which avers that the passage of the Act recited in the petition was procured by fraud, is objectionable, first, because it is not well pleaded, as the acts constituting the fraud are not averred. The motion admits, in effect, only those facts that are well pleaded. A general allegation of fraud in a pleading will not be regarded. Second, an Act of the Legislature is not subject to attack on that ground; and it is sufficient on this point to refer to *Sherman* v. *Story,* 30 Cal. 266.

The objection to the matter alleged in the sixth paragraph —the pendency of proceedings in *quo warranto* against the persons named as claiming to compose said company—is well taken. It is no defense to this action. If the defendants conceive themselves entitled to have the proceedings in this case stayed, they can make the application in the proper manner. The grounds of the motion have no appropriate place in the answer.

Motion granted as to the fifth and sixth paragraphs, and denied as to the other paragraphs in the answer.