JACKSON R. MYERS, Appellant, v. MAYOR and COMMON COUNCIL OF CITY OF PLACERVILLE, Respondents.

No. 2004; April 7, 1870.

**Mandamus—Title and Designation of Parties.**—Neither under the Practice Act nor by any rule or usage of the profession need a mandamus proceeding be given a title or the parties be particularly designated.

**Municipality—Subscription to Railroad Stock.**—In the Act Authorizing the city of Placerville to subscribe for the capital stock

of the Placerville and Sacramento Valley Railroad Company, the condition limiting the city's liability for the company's debts to the amount of the subscription so authorized did not contemplate its being itself annexed to the subscription on the company's books, but that the limitation was to attach ipso facto by the act of subscribing.

**Municipality—Subscription to Railroad Stock—Estoppel.**—After subscribing to stock of a railroad company, under a law regulating the preliminaries while conferring the power, a city is estopped to evade responsibility for its act by asserting that a step in such preliminaries by it was taken invalidly.

**Pleading.—Averments of Matters of Law in a Complaint Call for no denial,** and if denied present no issue.

**Municipality—Estoppel to Deny Bonds.**—After issuing bonds before satisfying conditions made precedent, under the law conferring the power to issue them, a municipality is estopped to say that it issued the bonds in violation of law.

**Municipality—Nonpayment of Bonds.**—A Denial That a Municipality failed or refused to pay interest on its bonds, coupled with an averment that there was no means for payment in the treasury, is an admission of nonpayment.

**Tax.—In a Mandamus Proceeding to Compel a Municipality to Levy a tax** to pay interest on bonds previously issued by it, a denial in the answer that any demand in the premises was ever made upon the municipality presents a material issue.

**Tax—Maximum Rate.**—A Provision, in an Act to Reincorporate a Municipality, making two per cent the maximum tax rate unless otherwise determined by a vote of the people or by special act of legislature, has reference to taxes to be levied for defraying usual municipal expenses, and not to such as may be necessary to pay obligations already incurred by the municipality.

**Municipality.—After Subscribing to Capital Stock of a Railroad Company** under a special act empowering it to do so, a municipality stands in the same relation to the company as any other stockholder except as expressly provided in the act.

**Municipality—Contract Void on Contingency.**—In an act empowering a municipality to make a particular contract, a provision allowing its common council an option to declare the contract void on a certain contingency does not make the happening of the contingency ipso facto a nullification of the contract.

**Tax.—A Valid Demand upon a Municipality for the Levying of a Tax** to pay interest on bonds, payable under a special act, must be made upon the mayor and common council as a body assembled; a demand each at his separate place of private business will not suffice.

Mandamus from Eleventh Judicial District, El Dorado County.

Latimer & McCullough for appellant; McCallum for respondents.

RHODES, C. J.—The objections to the petition for a mandamus—that it does not state the title of the action, nor describe the parties as plaintiffs or defendants, and that it does not state facts sufficient to constitute a cause of action—are not well taken. The Practice Act does not prescribe that a title shall be given to the proceeding, nor that the respective parties shall be designated by particular names, nor has any particular rule in those respects become established by the usage of the profession. The petition states sufficient facts to entitle the petitioner to the benefit of the writ.

The answer of the respondents takes issue upon many of the averments of the petition, which we regard as immaterial. It is alleged in the petition that the subscription to the capital stock of the Placerville and Sacramento Valley Railroad Company was made by the common council of the city of Placerville upon the books of the company upon the express condition that the city should not be liable for any of the debts or liabilities of the company beyond the amount of the stock so subscribed. This allegation is denied in the answer. The sixteenth section of the act to authorize the city of Placerville to subscribe to the capital stock of said company (Stats. 1863, p. 90) provides that such subscription shall be made upon the express condition named, but it was not thereby intended that such condition should be annexed in writing to the subscription upon the books of the corporation; but, rather, that such condition should, as matter of law, attach to the subscription when made. The averment of matter of law requires no denial, and, if denied, presents no issue.

They further deny that the notice required by law of the submission to the qualified electors of said city of the proposition to make such subscription to the capital stock of said company was given. This is not a matter entering into the contract between the city and the railroad company, but is addressed to the common council of the city. An election is required to be held under their direction, and they are to declare its result, and their conclusion is final, unless their proceedings are reviewed, and their decision reversed by competent authority; and after the result has been declared, and

they have proceeded to act thereon, the election cannot be collaterally contested by them. They are thereafter estopped to deny that the election was legally held, or that the result was in favor of the proposition voted upon.

By the seventeenth section of the act, the bonds of the city are forbidden to be issued until all that portion of the railroad lying in Sacramento county has been graded and put in a condition to receive the ties and iron, and it is the duty of the proper authorities of the city to see that the road has been so graded before issuing the bonds; but after the bonds are issued, they are estopped to say that, in violation of law, they issued the bonds before the requisite work was performed.

The denials that, by reason of the issuing and delivery of the bonds, the city undertook, or became liable, to pay the principal or interest of the bonds, or that it was the duty of the common council to levy a tax for the payment of the interest, or that it was their duty to pay the interest, or that it was their duty to order the treasurer to transfer from the general fund to the interest fund money to pay such interest, are severally denials of conclusions of law, and do not raise issues of fact.

The denial that the mayor and common council failed or refused to pay the interest, coupled with the averment that there was no money in the treasury with which to pay the same, is an admission that the interest was not paid by the city.

The denial that there is any money in the treasury belonging to the general fund is a denial of a material fact, for, if there is no money in that fund, a mandamus will not issue to compel a transfer of money from that fund to the interest fund.

The denial of any demand upon the common council to levy the tax presents a material issue, as was recently held in Oroville & V. C. R. R. Co. v. Plumas Co. [37 Cal. 354], (April Term, 1869): See, also, Tapp on Mand. 282.

The answer contains allegations which were made for the purpose, presenting the question whether the act to reincorporate the city of Placerville (Stats. 1863, p. 211), which was passed soon after the passage of the act to authorize the city to subscribe to the capital stock of the railroad com-

pany, and issue its bonds, and which limited the rate of taxation to two per cent upon the assessed value of the property, "unless an increased tax shall be authorized by a vote of the people, as hereinafter provided, or by a special act of the legislature of the state," operated upon the act last mentioned, so as to limit the rate of taxation to two per cent for all purposes, unless the additional rate should be authorized in the mode indicated in the act to reincorporate the city. We are of the opinion that the rate of two per cent was intended as the rate of the tax to be raised to defray the usual municipal expenses; that it was not intended thereby to limit the power of the common council in carrying into effect the provisions of the Railroad Act; and that the authority to levy the necessary tax to satisfy the principal and interest of the bonds, conferred by that act, is saved by the provision above cited.

The Railroad Act does not warrant the allegation of the answer that it is therein provided, as a condition to the validity of the bonds, that the railroad company should form a railroad communication between the city of Placerville and the town of Folsom. The city stood in the same relation to the railroad company as any other subscriber to the capital stock, except that the liability of the city for the debts of the company was more limited than that of ordinary stockholders, and that the city was permitted to pay its subscription in bonds, instead of money. For the construction of the railroad, the city, like any other stockholder, had to rely upon the ability and good faith of the company.

It is further averred that the railroad company entered into contracts for the construction and equipment of the railroad with several persons, and that the condition that the city should not be liable for any of the debts and liabilities of said railroad company beyond the amount subscribed by the city to the capital stock of the company, was not inserted in those contracts, and it is alleged that thereby both the subscription and the bonds became void. It is provided by section 16 of the Railroad Act that "this provision as to the liability of said city, shall be a part of, and expressly stipulated in all contracts by said company for the construction and equipment of said road." The section itself dictates the consequences attaching to a failure or refusal on the part

of the company to observe this provision—which are, that the common council "shall have power to declare said subscription void and of no effect," and may recover from the company the payments that have been made on the subscription. The bonds are not made void (nor, indeed, is the subscription) by a failure, on the part of the company, to comply with that provision, but the common council have power to declare— that is, they may at their election declare—the subscription void, and may thereafter recover back the amount paid on the subscription. The common council must initiate the proceedings by declaring the subscription void. But it is evident that it is not the intention of the act to give the city the power, not only to recover from the company the amount paid on the subscription, in bonds, but to render the bonds, also, void. That construction would produce a double satisfaction of the demand of the city, and would visit on the innocent holder of the bonds a penalty for a fault on the part of the company which he could neither prevent nor remedy. The averment, therefore, that the condition mentioned was not expressed in the contracts made by the company, for the construction and equipment of the road, is immaterial in this proceeding.

The pleadings present two issues of fact: 1st. Whether the petitioner made a demand upon the common council that the tax be levied, as provided for in the act under which the bonds were issued; and 2d. Whether there was, at the commencement of this proceeding, any money in the treasury of the city of Placerville belonging to the general fund.

It is ordered that the foregoing issues be referred to for trial.

We concur: Temple, J.; Sprague, J.; Crockett, J.

Wallace, J., did not participate in the decision of this cause.