[S. F. No. 3075.   Department One.—December 16, 1902.]

JOHN WILSON, Appellant, v. BOARD OF DIRECTORS OF VETERANS' HOME OF CALIFORNIA, Respondents.

MANDAMUS—NECESSITY FOR DEMAND.—A demand before making an application for a writ of *mandamus*, to perform the act sought to be enforced by the writ, is an imperative necessity in all cases other than those where the duty is of a strictly public nature, not affecting individual interests.

ID.—ADMISSION TO VETERAN'S HOME, AFTER DISCHARGE.—An application for a *mandamus* to compel the admission of the plaintiff to the Veteran's Home, after he had been discharged therefrom, for a violation of a general order, must show a previous demand for such admission and refusal to allow it. In such case, the benefit of the act which it is claimed to be performed is purely personal to the applicant.

APPEAL from a judgment of the Superior Court of Napa County.  E. D. Ham, Judge.

The facts are stated in the opinion.

Theo. A. Bell, and Edw. S. Bell, for Appellant.

Henry C. Gesford, for Respondents.

CHIPMAN, C.—*Mandamus.*  The complaint alleges that plaintiff was admitted to the Veterans' Home at Yountville in August, 1901, and continued to reside there as a member thereof until October 10, 1901, when he was adjudged to be guilty of violating general order No. 34, promulgated September 15, 1901, prohibiting members of the home from visiting saloons or other places not under the jurisdiction of the home where intoxicating liquors are sold.  Plaintiff failed to allege previous demand and refusal to be admitted after his discharge.  A general demurrer was interposed, alleging, also, uncertainty in the complaint.  The trial court sustained the demurrer on the authority of *Oroville and V. R. R. Co.* v. *Plumas County,* 37 Cal. 354, where it was said: "It is, however, an imperative rule that before making an application for a writ of *mandamus* an express demand or request must be made on defendants to perform the act sought to be enforced by the writ."  Appealing from the judgment, plaintiff concedes the general rule to be as above stated, but contends that this case falls within the exception, "Where a demand would be useless it will not be required."  Conceding that the rule admits of the exception, the facts shown in the complaint must be such as will justify the court in giving effect to the exception.  No such facts appear here, and no reason is given for supposing the demand would have been refused if it had been made.  There is a distinction, recognized in the cases cited by appellant, between duties of a public nature, or those which affect the public at large, and duties of a merely private nature, affecting only the rights of individuals.  "In the latter class of cases," says Mr. High, "where the person aggrieved claims the immediate and personal benefit of the act or duty, where performance is sought, demand and refusal are held to be necessary as a condition precedent to relief by *mandamus.*  In the former class, the duty being strictly of a

public nature, not affecting individual interests, and there being no one specially empowered to demand its performance, there is no necessity for a literal demand and refusal. In such cases the law itself stands in lieu of a demand, and the omission to perform the required duty in place of a refusal." (High on Extraordinary Remedies, 2d ed., secs. 12, 13, 41. See, also, *Oroville and V. R. R. Co.* v. *Plumas County,* 37 Cal. 354.) Here the benefit of the act or duty which it is claimed should be performed is purely personal.

The judgment should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

> Harrison, J., Van Dyke, J., Garoutte, J.