Juan Alemañy, peticionario y apelante, *v.* Pedro Gómez, Registrador de la Propiedad de Mayagüez, querellado y apelado.

No. 4678.—*Sometido:* Noviembre 28, 1928. *Resuelto:* Mayo 27, 1929.

*J. Alemañy Sosa,* abogado del apelante; *Hon. Attorney General James R. Beverley* y *Felipe Janer, Sub-Procurador,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El apelante hizo presentar en el Registro de la Propiedad de Mayagüez en mayo de 1928 varios documentos solicitando que fuese inscrita libre de gravamen la compra hecha por varias personas en 1924 de una finca rústica, porque si bien estaba afecta a una hipoteca por la parte del precio que quedó aplazada, tal hipoteca fué pagada y cancelada en 1925, según aparece de uno de los documentos presentados. Con esos documentos fueron presentados en el Registro $10 en sellos de rentas internas para la inscripción de la compra, y alegando el apelante que el Registrador le exigía $13 para inscribir la venta y para cancelar la hipoteca, cuando lo último no era necesario y que por no haber entregado los $3 de diferencia se había negado a hacer la presentación de esos documentos en su libro Diario, solicitó de la Corte de Distrito de Mayagüez que expidiese un auto de *mandamus*

ordenando al registrador que hiciese la presentación de tales documentos. La corte de distrito señaló un día para que el registrador compareciera a exponer las razones por las cuales no debía expedirse el auto interesado; y después de oír a ambas partes y por las pruebas que presentaron se negó a librar el auto de *mandamus*, contra cuya resolución ha sido interpuesto este recurso de apelación.

■■ De dichas pruebas resulta que si bien el presentante de los documentos en el registro declaró haberle dicho el registrador que si no entregaba $3 más para la cancelación de la hipoteca no podía presentar los documentos y que un empleado del registro le devolvió los documentos y los $10 en sellos que había entregado, el registrador declaró que al requerir la entrega de $3 más en sellos el presentante recogió los documentos y no volvió al registro y que él no se negó a hacer la presentación de los documentos, aunque exigía $3 más.

Para que sea procedente la expedición de un auto de *mandamus* es necesario que el requerido tenga el deber ministerial claramente impuesto por la ley de hacer lo que de él se pide y que se haya negado a cumplir con tal deber, por lo que apareciendo que si bien el registrador requirió la entrega de $13 en vez de $10 en sellos de rentas internas por los derechos arancelarios, no se negó a hacer la presentación de los documentos en su libro Diario, sino que el presentante de los documentos se los llevó por tal requerimiento, no era procedente librar el auto de *mandamus* en este caso. Además, no aparece claramente que el registrador sólo pueda exigir $10 y no $3 más para la cancelación de la hipoteca, como lo demuestran los alegatos de las partes en los que se trata con alguna extensión y con cita de diversos preceptos legales si apareciendo de los documentos que el vendedor tenía constituida hipoteca por parte del precio de su adquisición, que esa hipoteca fué reconocida y aceptada por los actuales compradores y que fué prorrogada y luego pagada, debía el registrador hacer la mención de dicha hipo-

teca y luego su cancelación, cuestión que no debe ser resuelta en un procedimiento extraordinario como el *mandamus.*

*La sentencia apelada debe ser confirmada.*