Sucrs. de A. Mayol & Cía., Inc., Antilles Electric Corporation, Banco Territorial y Agrícola de Puerto Rico y Compañía Industrial de Santurce, S. en C., demandantes y apelantes, *v.* L. A. McLeod, Auditor de Puerto Rico, demandado y apelado.

No. 5736.—*Sometido:* Mayo 18, 1932.—*Resuelto:* Noviembre 21, 1932

*J. J. Ortiz Alibrán,* abogado de los apelantes; *Hon. Attorney General Charles E. Winter* y *T. Torres Pérez, Subprocurador,* abogados del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Los peticionarios, alegando ser los únicos acreedores y cesionarios de un contratista, solicitaron un *mandamus* para obligar al querellado, como Contador de Puerto Rico, a que les entregara cierto cheque que se suponía haber sido expedido por el Contador a favor del contratista por el saldo adeudado sobre un contrato del gobierno ya consumado. Este contrato disponía el pago de determinado tanto por ciento del precio del contrato retenido por el Comisionado del Interior después de liquidado el contrato por dicho Comisionado del Interior y después que el contratista hubiese ofrecido prueba satisfactoria del pago de todas las reclamaciones presentadas contra él debido a trabajo hecho o a material suministrado, o por los daños y perjuicios ocasionados a terratenientes durante el curso de la obra. El juez de distrito ordenó que se notificara la solicitud al querellado y que éste mostrara causa por la cual no debía expedirse el auto, y señaló día para la vista. El día fijado para la vista fué pospuesto para otra fecha y en el de la vista el querellado radicó una contestación en que negaba que los peticionarios fuesen los únicos acreedores del contratista, admitía otras alegaciones de la demanda y alegaba: que el demandado, en ejercicio de sus facultades como Auditor de Puerto Rico y en cumplimiento de las disposiciones del artículo 124 del Código Político, en noviembre 12 de 1930, había remitido al Tesorero de Puerto Rico el cheque núm. 1714, fechado 18 de julio 1930, a la orden del contratista, por la suma de $6,053.80, para aplicar el importe del mismo al pago de contribuciones atrasadas y adeudadas por el citado contratista a El Pueblo de Puerto Rico, ascendentes a la suma de $6,325.16; que la demanda no aducía hechos suficientes para determinar una causa de acción; que los peticionarios carecían de capacidad legal para exigir el remedio solicitado; y que existía una imposibilidad material para entregar el

cheque, en vista de la disposición del mismo hecha ya por el querellado.

El artículo 124 del Código Político lee en parte como sigue:

"No se pagará dinero a ninguna persona por concepto de salario, o reclamación entablada contra la Tesorería Insular, si el interesado se hallare en descubierto con El Pueblo de Puerto Rico, por deudas atrasadas, y así consta en los libros del Contador, mientras no hubiere aquél arreglado sus cuentas con el Tesorero de Puerto Rico y satisfecho a éste todas las cantidades de las cuales fuere responsable. . .

"En todos los casos en que la paga o salario de alguna persona, o una cantidad por reclamación reconocida como buena contra El Pueblo de Puerto Rico, se retuviere en cumplimiento de este artículo, deberá el Contador abonar a cuenta de la deuda o persona alcanzada la cantidad así retenida o la parte de ella que fuere necesaria para satisfacer o extinguir dicha deuda."

Durante la vista no se presentó prueba alguna. Nuestra única fuente adecuada de información respecto a lo ocurrido en aquel entonces es la "relación del caso, opinión y sentencia" dictadas por la corte inferior.

El juez de distrito, después de hacer una reseña de las varias defensas aducidas por el querellado, dice que las partes habían acordado que "estas cuestiones de derecho" fuesen resueltas con anterioridad a las de hecho. Para este fin, y como cuestión ordinaria de derecho, aceptó entonces como ciertas las alegaciones de la contestación al igual que las de la demanda. Los peticionarios ahora alegan que tan sólo fueron sometidas dos cuestiones de derecho, a saber, la relativa a la suficiencia de la demanda y la referente a la capacidad legal de los demandantes para demandar el remedio solicitado.

Podría asumirse que no era necesaria réplica alguna y que en ausencia de cualquier estipulación en contrario, el juez de distrito no debió haber asumido que las alegaciones de la contestación eran ciertas. Empero, las partes estaban en libertad para someter la suficiencia de los hechos aducidos en

la contestación, sin la formalidad de presentar prueba tendente a establecer esos hechos, y esto, según el juez de distrito, es lo que ellos hicieron. En ausencia de cualquier estipulación escrita, de un pliego de excepciones, o de algo que en los autos indique que el juez de distrito estuviera equivocado, debemos aceptar como cierta su versión del convenio celebrado por las partes.

■■ También podría admitirse, tan sólo para los fines de la argumentación, que la corte de distrito cometió error al resolver que la demanda no aducía hechos suficientes para determinar una causa de acción, así como al decidir que el auto de *mandamus* no cae dentro de la reserva referente "al derecho de acción que en contrario pueda disponerse por la ley" contenida en el artículo 21 de la Carta Orgánica. Estos son los únicos fundamentos de la apelación, especificados en el señalamiento de errores. El hecho de que el contratista adeudara dinero a El Pueblo de Puerto Rico por contribuciones vencidas ascendentes a una suma en exceso del saldo adeudádole de conformidad con el contrato, y el hecho de que el Contador por esta razón retuvo el pago de conformidad con la autoridad conferídale por el artículo 124 del Código Político, bastaban para justificar al juez de distrito a negarse a librar el auto de *mandamus* solicitado. A juzgar por la opinión del juez de distrito, tomada en su totalidad, parece razonablemente claro que éste fué uno de los fundamentos, si no el principal, en que se basó la sentencia declarando sin lugar la petición.

■■ Los peticionarios no aducen, tal cual lo hizo el peticionario en el caso de *Axtmayer* v. *Kessinger*, 32 D.P.R. 915, las razones aducidas por el Contador para negarse a cumplir con el requirimiento héchole. La alegación hecha en este caso fué que los peticionarios en agosto 11, 1930, habían solicitado entrega del cheque, y el Contador, en carta fechada noviembre 12, 1930, sin justa causa para ello, se había negado

a entregar el mismo. Es un hecho significativo que la fecha de esta negativa coincida con la fecha en que el Contador remitió el cheque al Tesorero de Puerto Rico con el objeto de que el importe del mismo fuese acreditado a la deuda que el contratista tenía con el Gobierno Insular. Evidentemente, si los peticionarios hubiesen alegado que el Contador había basado su negativa en la actuación así tomada en armonía con el artículo 124 del Código Político, y hubiesen tratado de contrarrestar esta explicación diciendo simplemente que la misma no era suficiente justificación o "justa causa", aun entonces no hubiesen tenido derecho a que se expidiera una orden para mostrar causa por la cual un auto de *mandamus* no debía ser expedido. Si la aseveración de que el Contador "carecía de justa causa" no es insuficiente como una mera conclusión de derecho, ella vino a ser más o menos negatoria por la alegación ulterior de que los peticionarios habían apelado de la decisión del Contador y el Gobernador la había confirmado.

El *mandamus* es un auto extraordinario. Es ley familiar que el peticionario debe establecer un claro derecho legal para exigir el cumplimiento del acto que el querellado se ha negado a cumplir. Los peticionarios, después de alegar que la negativa del Contador estaba contenida en una carta fechada el 12 de noviembre de 1930, que ellos habían apelado de su decisión y que el Gobernador la había confirmado, debieron haber expuesto la razón aducida por el Contador para tal negativa, toda vez que, sin información alguna a este respecto, la corte no estaba en posición de determinar para sí misma si tal negativa carecía o no de "justa causa." En ausencia de tal alegación, el juez de distrito hubiese estado justificado al denegar la solicitud sin exigir del querellado que mostrara causa por la cual no debía librarse un auto de *mandamus*.

*Debe confirmarse la sentencia apelada.*