306

Josefa Urdaz Iguina, demandante y apelante, *v.* José Padín, Comisionado de Instrucción de Puerto Rico y Fernando Ruiz Soler, Director Escolar de Arecibo, demandados y apelados.

No. 6432.—*Sometido:* Noviembre 16, 1934. *Resuelto:* Marzo 27, 1935.

*Susoni & Defendini,* abogados de la apelante; *Hon. Procurador General Benjamin J. Horton* y *T. Torres Pérez, Subprocurador,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El fundamento del presente recurso es que la corte de distrito cometió error al resolver que la peticionaria había sido negligente en la reclamación de sus derechos ante la corte por haber dejado transcurrir alrededor de tres años. El nervio del argumento es que si se hubiese librado un auto alternativo, la peticionaria hubiera tenido la oportunidad de explicar la demora irrazonable habida.

■■■ La peticionaria acudió en solicitud de un auto de *mandamus* para obligar a que se le renominara como maestra en las escuelas públicas. Radicó su petición original en marzo de 1933 y, en una petición enmendada archivada el 3 de abril del mismo año, alegó substancialmente: que se graduó de una escuela normal en 1928, que se le designó como maestra rural para el año 1928–29 y que enseñó durante dicho año; que al comenzar el año escolar 1929–30 la peticionaria se encontraba enferma y solicitó se le nombrara una sustituta para dicho año; que se designó una sustituta que enseñó durante todo el referido año; que contrario a ciertas disposiciones del reglamento, ella no fué renominada al empezar el año escolar 1930–31; que en diciembre 17, 1930, ella escribió a Antonia Brandi, que era a la sazón directora escolar, exigiendo el cumplimiento del deber ministerial impuéstole por ciertas dispocisiones del Reglamento y no recibió respuesta alguna; y que en vista del hecho de que la directora escolar no actuó en armonía con dichas disposiciones, la peticionaria se dirigió al Comisionado de Instrucción con fecha 21 de agosto de 1930 y éste se negó a cumplir con la súplica de ella, fundado en la información suministrádale por la directora escolar, información que no iba acompañada por la renuncia escrita de la peticionaria, sin la cual, según el reglamento, un maestro no puede ser privado de su escuela a menos que la misma haya ido descontinuada (cosa que no ocurría en el presente caso) o a menos que esté envuelto el interés público, lo que tampoco sucedía.

El artículo 17 de nuestra Carta Orgánica dispone:

"El Comisionado de Instrucción dirigirá la instrucción pública en toda la isla; . . . . . Preparará reglamentos para la selección de maestros, y los nombramientos de maestros por las juntas escolares estarán sujetos a su aprobación, y desempeñará los demás deberes, no incompatibles con esta Ley, que se le asignaren por ley."

No tenemos a la vista el reglamento preparado por el Departamento de Instrucción. Las partes que del mismo se copian en la petición leen así:

"Se entenderá que los maestros a quienes los turnos A y B del apartado 10 de este reglamento garantiza la permanencia en sus puestos solicitan escuelas a menos que se dirijan por escrito al director escolar renunciando sus derechos a la renominación. (A) del apartado 10:—Maestros que trabajaron el año anterior en las escuelas públicas del mismo pueblo, en propiedad, en la última categoría de escuelas, y cuya última clasificación no haya sido 'F,' a menos que dichos maestros notifiquen por escrito al director escolar que no desean ser nombrados."

El inciso (a) del apartado 10 que acabamos de citar habla de "maestros que trabajaron el año anterior". En realidad, la peticionaria no había trabajado durante el año anterior y no caía dentro de la letra de la ley, por lo menos, dentro del inciso (a). Para los fines de esta opinión podría admitirse que ella caía dentro del espíritu de ese inciso. Lo más que puede colegirse de la ínfima porción del reglamento citada por la peticionaria es que maestros regulares que han trabajado personalmente o que han estado representados por un sustituto durante el año anterior se considerarán que han solicitado la renominación, en ausencia de un escrito al efecto de que no desean tal renominación. Ésta es la única garantía contenida en el inciso (a). En ninguna parte del texto citado por la peticionaria aparece nada que imponga al director escolar el deber ministerial de hacer la renominación. En verdad, en ese inciso no puede hallarse nada que prive al Comisionado de Instrucción de la discreción conferídale por la Carta Orgánica en lo que concierne a la aprobación o desapro-

bación de cualquier nombramiento o renominación hecha por el director escolar, quien ahora actúa en lugar de la junta escolar a que hace referencia la Carta Orgánica. Aun si se admitiese que la solicitud aduce una causa de acción contra la directora escolar, la peticionaria no recibiría beneficio alguno de la expedición de un auto contra la directora escolar solamente, en vista de la posición adoptada por el Comisionado de Instrucción. A este respecto podría notarse de paso que la peticionaria no alega que hiciera ningún requerimiento anterior al querellado Ruiz Soler sino que simplemente requirió una vez a su predecesor en el cargo. El haber dejado la peticionaria de exponer más ampliamente la naturaleza del requerimiento hecho por ella al Comisionado de Instrucción y las razones por éste aducidas para su negativa a acceder a tal requerimiento hubiesen bastado para que el juez de distrito se negara a expedir un auto contra el Comisionado.

No hallamos que se cometiera error en la conclusión a que llegó el juez de distrito sobre la cuestión de inactividad (*laches*). Al radicarse la petición original; el juez de distrito ordenó la celebración de una vista preliminar para determinar si procedía la expedición del auto. Las partes no sólo acudieron a la vista sino que radicaron alegatos. Cuando el juez de distrito tuvo que considerar estos alegatos halló que se había radicado una solicitud enmendada después de la vista y ordenó una nueva vista a base de dicha solicitud enmendada. Así pues, la peticionaria tuvo amplia oportunidad para explicar en la petición enmendada o mediante declaraciones juradas en apoyo de la misma, su inusitada demora. En vista del hecho de que no se adujo explicación alguna y del hecho adicional que se desprendía con razonable certeza, aunque no se alegó expresamente por la peticionaria, de que el cargo que una vez ella desempeñó había sido cubierto con la designación de otro maestro, el juez de distrito estuvo a nuestro juicio justificado al llegar a la con-

clusión de que la demora fué irrazonable y de que la petición de *mandamus* fué presentada demasiado tarde.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Aldrey no intervino.