ROSENDO MEDINA, Petitioner and Appellant, *v.* DR. ANTONIO FERNÓS ISERN, COMMISSIONER OF HEALTH, Respondent and Appellee.

No. 9038. Argued March 5, 1945.—Decided April 20, 1945.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes,* for appellant. *Jesús A. González, Acting Attorney General,* and *J. Rivera Barreras, Deputy Attorney General,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The sole question involved in this appeal is whether the lower court erred in granting the demurrer interposed by the respondent and hence in denying the petition for mandamus on the ground that it was not alleged therein that the petitioner had requested the respondent to reinstate him in his office and to order payment of his salary and that the respondent had refused.

In brief, the petitioner alleged in his petition that he had been removed by the respondent from his permanent employment as Inspector of Health without a preferment of charges and without a hearing; that the reason given by the respondent to justify his removal was that the immediate chief of the petitioner used him as his chauffeur during working hours and therefore that he was not discharging the duties of his office.

The defendant demurred for insufficiency on these grounds: (1) it does not appear from the petition that the petitioner requested the respondent to reinstate him in his employment, and (2) petitioner fails to allege that he has no adequate remedy at law; and in his answer he alleged, among other things, that the petitioner was employed temporarily as Inspector of Health and therefore that he was not bound to prefer charges or hold a hearing before removing petitioner. The lower court sustained the demurrer on the first ground and stated the following:

"The petition discloses no allegation whatsoever in the sense that the petitioner requested the respondent to reinstate him in his employment and to order the payment of his salary and as a consequence of said omission it does not appear either that the respondent refused to perform those acts.

"In this case the previous demand on the respondent to reinstate petitioner in his employment and to order the payment of

his salary was an indispensable requisite and since it does not appear from the petition for mandamus that said demand was made, the petition must be denied. *Zavala et al.* v. *Executive Council of Porto Rico,* 9 P.R.R. 193; *Negrón et al.* v. *Supervisor of Elections,* 11 P.R.R. 352; *Morales* v. *Wilson,* 16 P.R.R. 714; *Alemañy* v. *Registrar,* 39 P.R.R. 573; *Succrs. of A. Mayol & Co., Inc.* v. *MacLeod,* 44 P.R.R. 32; *Feliciano* v. *López,* 48 P.R.R. 515; *Colón* v. *Industrial Commission,* 55 P.R.R. 14; 16 Cal. Jur. (mandamus) par. 10, p. 771.

"Nor does it appear from the evidence that said demand was made prior to the filing of the mandamus petition.

"               \*        \*        \*        \*        \*        \*

"If, as may be inferred, the demand and the refusal to act did not take place in this case, the proper thing would be to deny the petition for mandamus. However, as those acts may have taken place and the plaintiff for some reason may have failed to allege them, we shall grant the plaintiff ten days to amend his petition, if he is in a position to do so."

Notwithstanding this opportunity granted by the court, the plaintiff refused to amend his complaint and prayed that judgment be rendered. Upon rendering judgment the court delivered a more ample opinion citing other authorities and decisions supporting the doctrine which establishes that a previous demand must be made on the defendant and that this fact has to be alleged in the petition in order that the same be sufficient.

▮ We are of the opinion that the lower court did not commit the only error alleged. In *Urdaz* v. *Padín, Commissioner,* 48 P.R.R. 297, it was held that: ". . . Petitioner's failure to set forth more fully the nature of her demand made upon the Commissioner of Education and the reasons given by him for his refusal to accede to that demand would have been sufficient ground for the refusal of the district judge to issue a writ addressed to the commissioner."

And in *Colón* v. *Industrial Commission,* 55 P.R.R. 14, citing from the syllabus: "A petition for mandamus to compel the Industrial Commission to pay a compensation which it

stopped, which does not allege or does not show that the Commission refused to reverse the order stopping payment nor that petitioner has so requested after the order had been issued, is insufficient.''

█ It is true that there is an exception to the general rule in the sense that "A demand is also generally unnecessary when it appears that it would have been refused if made. Hence where the attitude of the officer toward the matter has been officially declared to be such that an application to him will be idle and fruitless, the reason for the rule requiring demand ceases." 16 Cal. Jur. 772–3.

Nothing appears from the allegations of the petition or from the answer to justify our considering this case as within the exception set forth. That such fact should appear from the allegations has been decided, among others, in *Wilson* v. *Board of Directors,* 138 Cal. 67; *Christ* v. *Sup.* Ct., 211 Cal. 593. See 16 Cal. Jur. 771, 2.

█ Nor does this case fall within the exception that when matters of public concern are involved the previous demand is unnecessary. To that effect, in *Martínez Nadal* v. *Saldaña,* 33 P.R.R. 687, in an opinion delivered by Mr. Justice Wolf as Acting Judge in Vacation, the following appears:

"In the following authorities it has been decided that there is a distinction between duties of a public nature and duties of a private nature affecting only the rights of individuals. In such cases the law itself stands in lieu of demand and omission to perform the required duty is equivalent to a refusal. *Torres* v. *The Municipal Assembly of Guánica,* decided June 13, 1924, *ante,* p. 337; *State ex rel. Morris* v. *Wrightson,* 22 L. R. A. 548, 561; *People ex rel. O'Brien* v. *Cruger,* 12 App. Div. 536; Matter of Hopper, 73 Misc. Rep. 369, 376."

To the same effect see *Martínez Nadal* v. *Saldaña,* 38 P.R.R. 398.

The judgment appealed from should be affirmed.