Rosendo Medina, demandante y apelante, *v.* Dr. Antonio Fernós Isern, Comisionado de Sanidad, demandado y apelado.

Núm. 9038.—*Sometido:* Marzo 5, 1945.  *Resuelto:* Abril 20, 1945

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *Hon. Procurador General Interino Jesús A. González* y *J. Rivera Barreras, Procurador Auxiliar,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La única cuestión envuelta en este recurso es si la corte inferior erró al declarar con lugar la excepción previa presentada por el demandado y en su consecuencia desestimar la petición de *mandamus* por el hecho de que en la misma no se alegó que el peticionario había requerido al demandado para que lo repusiera en su cargo y ordenara el pago de su sueldo y que el demandado se había negado.

En síntesis, el demandante alegó en su demanda que fué separado de su cargo permanente de Inspector de Sanidad por el demandado sin que se le formularan cargos y sin celebración de audiencia; que la razón aducida por el demandado para justificar su actuación fué la de que el jefe inmediato del peticionario utilizaba a éste como chófer durante las horas laborables por lo que éste no realizaba la labor correspondiente a su cargo.

El demandado excepcionó la demanda por insuficiente porque: 1, no aparece de la misma que el peticionario solicitara del demandado su reposición en el cargo y 2, no se alega por el demandante que él no tenga un remedio adecuado en ley; y en su contestación alegó entre otras cosas, que el demandante ocupaba el cargo de Inspector de Sanidad como temporero y por tanto no tenía obligación de formularle cargos ni de celebrar audiencia para destituirlo. Al declarar con lugar la excepción previa por el primer fundamento la corte inferior dijo en su opinión lo siguiente:

"De la petición no aparece alegación alguna en el sentido de que el peticionario requiriera al demandado para que éste lo repusiera

en su cargo y ordenara el pago de su compensación y como consecuencia de dicha omisión. tampoco aparece que el demandado se negara a efectuar tales actos.

"En este caso el requerimiento previo al demandado para que repusiera al peticionario en su empleo y ordenara la tramitación para el pago de su compensación era un requisito indispensable y, no apareciendo de la solicitud de mandamus que se hiciera tal requerimiento, dicha petición deberá ser desestimada. *Zavala et al.* v. *Consejo Ejecutivo,* 9 D.P.R. 211; *Negrón* v. *Superintendente de Elecciones,* 11 D.P.R. 366; *Morales* v. *Wilson,* 16 D.P.R. 751; *Alemañy* v. *Gómez, Registrador,* 39 D.P.R. 635; *Sucrs. de A. Mayol & Co., Inc.* v. *McLeod,* 44 D.P.R. 34; *Feliciano* v. *López,* 48 D.P.R. 530; *Colón* v. *Comisión Industrial,* 55 D.P.R. 14; 16 Cal. Jur. (mandamus) párrafo 10, pág. 771.

"Tampoco se demostró por la prueba que tal requerimiento hubiera sido hecho con anterioridad a la radicación de la petición de mandamus.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"Si, como es de inferirse, no hubo en este caso el requerimiento ni la negativa previos, lo procedente sería que desestimáramos la petición de mandamus, pero como tales hechos pudieron haber ocurrido y no haberse alegado por cualquier motivo, vamos a conceder al demandante diez días para enmendar su petición, si pudiere hacerlo."

No obstante esta oportunidad concedida el demandante se negó a enmendar su demanda y solicitó se dictara sentencia. Al hacerlo la corte inferior emitió otra opinión más extensa citando otras autoridades y jurisprudencia en la que se expone la regla que establece el requisito previo del requerimiento al demandado y la necesidad de que este hecho se alegue para que una petición de mandamus sea suficiente.

■ Somos de opinión que la corte inferior no cometió el único error alegado. En el caso de *Urdaz* v. *Padín, Comisionado,* 48 D.P.R. 306, 309, se resolvió que: "... El haber dejado la peticionaria de exponer más ampliamente la naturaleza del requerimiento hecho por ella al Comisionado de Instrucción y las razones por éste aducidas para su negativa a acceder a tal requerimiento hubiesen bastado para

que el juez de distrito se negara a expedir un auto contra el Comisionado.''

Y en el de *Colón* v. *Comisión Industrial,* 55 D.P.R. 14, citando del sumario, que: ''Una solicitud de *mandamus* para compeler a la Comisión Industrial al pago de una indemnización que ella ordenó fuera suspendido, que no alegue o no contenga indicio alguno de que la Comisión se negó a revocar la orden para la suspensión del pago ni que el peticionario hubiese hecho solicitud a ese efecto luego de dictada tal orden, es insuficiente.''

■ Es cierto que existe una excepción a la regla general expuesta, en el sentido de que ''Un requerimiento es también generalmente innecesario cuando aparece que hubiera sido denegado si se hubiera hecho. Así, cuando la actitud del funcionario hacia la cuestión ha sido oficialmente declarada en tal forma que un requerimiento que se le hiciera sería inútil e infructuoso, la razón para la regla de que se haga el requerimiento cesa.'' 16 Cal. Jur. 772-3.

Nada hay en las alegaciones de la demanda y de la contestación que justifique considerar este caso como comprendido en la excepción expuesta. Que esto debe aparecer de las alegaciones ha sido resuelto entre otros, en los casos de *Wilson* v. *Board of Directors,* 138 Cal. 67; *Christ* v. *Superior Court,* 211 Cal. 593. Y véase 16 Cal. Jur. 771-2.

■ Tampoco es éste un caso que cae bajo la doctrina de que cuando se trata de asunto de interés público el requerimiento previo es innecesario. Al efecto en el caso de *Martínez Nadal* v. *Saldaña,* 33 D.P.R. 721 en opinión emitida por el Juez Asociado Sr. Wolf, actuando en funciones de juez de turno, se dijo lo siguiente:

''Por las siguientes autoridades se ha resuelto que existe una distinción entre los deberes de carácter público y los deberes de naturaleza particular que afectan solamente a los derechos de individuos. En tales casos la misma ley substituye al requerimiento y la omisión en cumplir el deber requerido es equivalente a una negativa. *Torres* v. *Asamblea Municipal de Guánica,* de junio 13, 1924 (pág. 349);

*State ex rel. Morris* v. *Wrightson,* 22 L.R.A. 548, 561; *People ex rel. O'Brien* v. *Cruger,* 12 App. Div. 536; *Matter of Hopper,* 73 Misc. Rep. 369, 376."

Al mismo efecto véase *Martínez Nadal* v. *Saldaña,* 38 D. P.R. 446.

*Debe confirmarse la sentencia apelada.*