PUENTE ET AL. *v.* FOOTE, JUEZ DE DISTRITO.

SOLICITUD para que se expida auto de *mandamus.*

No. 138.—Resuelto en junio 21, 1911.

MANDAMUS—INTERVENCIÓN DE PARTES INTERESADAS.—De acuerdo con la jurisprudencia americana, las partes a quienes pueda afectar la resolución que se dicte, o que demuestren estar interesadas en el asunto, por regla general se les permite que intervengan en un recurso extraordinario de *mandamus;* criterio admitido por este tribunal en casos análogos, como son los autos de *certiorari.*

ID.—DECLARATORIA DE HEREDEROS—HIJOS NATURALES—RESOLUCIONES APELABLES.—Declarados los peticionarios herederos de su supuesto padre en un expediente de declaratoria de herederos promovido en el tribunal inferior, fundándose dicha declaratoria en una sentencia dictada a su favor en el mismo tribunal inferior en una acción de filiación, y revocadas por este tribunal ambas resoluciones, comparecieron de nuevo los peticionarios ante el tribunal inferior en el expediente de declaratoria de herederos presentando dos mociones, cuya eliminación fué decretada a instancia de la parte opositora, han comparecido los peticionarios ante este tribunal, para que por medio de un auto de *mandamus* se obligue al tribunal inferior a que conceda audiencia a los peticionarios, antes de resolver la moción de eliminación. Este tribunal decidió que la resolución del tribunal inferior eliminando dichas mociones tenía el alcance de eliminarlos como partes en el procedimiento, por lo que tiene el carácter de una providencia especial dictada después de sentencia final, y por lo tanto era una resolución apelable, contra la cual podían ejercitar los peticionarios el remedio adecuado y eficaz de apelación, sin necesidad de acudir al remedio extraordinario de *mandamus.*

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. N. B. K. Pettingill, W. V. Robbins* y *H. P. Leake.*

Abogados de los interventores: *Sres. López Tord y Canales.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Los hermanos Puente Amsterdam presentaron en la Corte de Distrito de Ponce, una solicitud para que como hijos natu-

rales reconocidos de Don Lázaro Puente y Compostizo, se les declarase sus únicos·herederos abintestado.

En ese procedimiento presentaron reclamaciones opuestas los hermanos Puente Compostizo y Puente Solana, para que como hermanos y sobrinos del difunto se les declarase a ellos los únicos herederos; y también Antonia Rodríguez solicitando ser ella sola declarada heredera, como hija natural de dicho señor.

En definitiva se dictó una sentencia por la corte de distrito, declarando a los Puente Amsterdam únicos herederos de Don Lázaro Puente, como hijos naturales suyos declarados así por sentencia dictada, y que no era firme, en pleito sobre reconocimiento de hijos naturales; desestimó las pretensiones de los Puente Compostizo y Puente Solana; y también la de Antonia Rodríguez.

Apelada la sentencia que estos pronunciamientos contenía, este Tribunal Supremo dictó la suya en la que revocó la declaración de herederos hecha a favor de los Puente Amsterdam; la revocó también en el particular que desestimó las pretensiones de los Puente Compostizo y Puente Solana, ordenando además, que por la corte inferior se continuaran los procedimientos; y la confirmó en cuanto a la declaración que hizo para Da. Antonia Rodríguez.

Desestimado el recurso de apelación que contra esta sentencia se había interpuesto para ante el Tribunal Supremo de los Estados Unidos, fué comunicada a la Corte de Distrito de Ponce, donde entonces presentaron los Puente Compostizo y Puente Solana una moción en el mismo procedimiento, para que en virtud de la sentencia de esta Corte Suprema se hiciese la declaratoria de herederos a su favor; y por su parte los Puente Amsterdam presentaron dos mociones, una para que se les permitiera enmendar su petición original sobre declaratoria de herederos, y otra oponiéndose a lo que los Puente Amsterdam interesaban en la moción a que hemos hecho referencia.

Después de estas dos mociones, los Puente Compostizo y

Puente Solana presentaron otra, como la primera de ellos, no notificada a los Puente Amsterdam, para que las mociones de éstos fueran eliminadas del récord.

Esta última moción fué resulta por la corte mandando eliminar esas dos mociones; y como al resolver la corte no oyó a los Puente Amsterdam, éstos presentaron en esta Corte Suprema, a un juez de la misma, una petición de *mandamus*, para que se obligase al Juez de la Corte de Distrito de Ponce a oirlos, antes de resolver si procedía o nó decretar la eliminación.

Librado el auto condicional para que el juez compareciera ante la Corte Suprema a mostrar causa por la que no se debiera expedir el auto perentorio, no comparecíó, pero los Puente Compostizo y Puente Solana lo hicieron con permiso del tribunal, en vista de una petición suya en ese sentido y fundada en que tenían interés en el asunto, por afectarles grandemente la resolución que se dictase como consecuencia del *mandamus* interesado.

La intervención de esas personas fué propiamente admitida porque la regla general en la Jurisprudencia Americana para estos casos, es permitir la intervención de personas a quienes pueda afectar la resolución que dicte. (26 Cyc., 418.)

Además, esta Corte Suprema en casos análogos como son los autos de *certiorari* ha permitido esa intervención siempre que se la ha demostrado estar interesado en el asunto.

Por consiguiente, consideraremos la contestación de los interventores, la que acepta los hechos de la solicitud, pero sostiene que el auto de *mandamus* no es el remedio procedente en este caso: que la mociones de los peticionarios fueron propiamente eliminadas, porque después de la sentencia dictada por este Tribunal Supremo, dejaron de ser partes en el asunto, y que de accederse a lo pedido quedaría sin efecto la sentencia, que en el mismo día se dictó a favor de los interventores, declarándolos únicos herederos de Don Lázaro Puente y Compostizo, lo que sólo podía obtenerse mediante una apelación.

Como puede verse por lo expuesto, los Puente Amster-
dam, peticionarios. del *mandamus,* iniciaron el procedimiento
de declaratoria de herederos y fueron parte ante la corte de
distrito, hasta que ésta los rechazó al acceder a la moción de
que se eliminasen las peticiones que en ese procedimiento
hicieron después de la sentencia.

El hecho de que la corte elimine las mociones de los peti-
cionarios sin siquiera oirlos, tiene indudablemente el alcance
de no reconocerlos ahora como parte, como en efecto así lo
dice la corte inferior como fundamento de su resolución, por
lo que ésta tiene el carácter de una providencia especial dic-
tada después de sentencia final, y que niega a los peticiona-
rios el derecho de continuar como parte en ese procedimiento,
cuando antes se lo había reconocido, y por consiguiente, es
de aquellas resoluciones contra las que se puede interponer
apelación.

La apelación es un remedio adecuado y eficaz, porque por
ella puede tratarse y resolverse si los Puente Amsterdam
continúan o nó siendo partes en el procedimiento y si deben
oirse o nó sus mociones; y cuando la ley concede un recurso
ordinario como es la apelación, es improcedente acudir a re-
medios extraordinarios, como son los autos de *mandamus* y
de *certiorari.* (Véanse los casos de *Palmer* v. *Guerra,* y
*Körber* v. *Quiñones,* resueltos por esta Corte Suprema en 18
de diciembre de 1905 y 27 de junio de 1903, y 26 Cyc. notas
en las páginas 168, 173, 175 y 177.

Los peticionarios alegan que no pretenden intervenir con
la discreción judicial y que el objeto que persiguen es que el
juez cumpla con su deber de oirlos antes de decidir la mo-
ción de eliminación.

Si se accediera a la solicitud de *mandamus* interesada,
produciría el resultado de dejar sin efecto la orden de la
corte inferior accediendo a la moción de los Puente Compos-
tizo y Puente Solana, para que se eliminen las mociones de
los peticionarios, valiéndose para ello de un recurso extra-

ordinario, cuando tienen uno adecuado y eficaz en el curso ordinario de la ley.

Por los motivos expuestos la solicitud de *mandamus* debe negarse.

*Denegada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.