EL PUEBLO DE PUERTO RICO, representado por el Fiscal Auxiliar de la Corte Suprema de Puerto Rico, peticionario, *v.* LA CORTE DE DISTRITO DE HUMACAO, HON. R. ARJONA SIACA, JUEZ, demandada.

No. 295.—*Sometido:* Junio 11, 1934. *Resuelto:* Julio 18, 1934.

*L. Janer Landrón, Fiscal Auxiliar* del Tribunal Supremo, abogado del peticionario; *J. Valldejuli Rodríguez,* abogado del interventor, acusado en la causa criminal que motivó el recurso.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Carmelo Rosario fué denunciado en la Corte Municipal de Caguas de haber cometido en esa ciudad un delito de acometimiento y agresión grave en la persona de Luis Arroyo. El denunciado presentó a esa corte municipal una moción jurada por él en la que expuso que debido al ambiente reinante en Caguas y a los intereses creados que influyen en todos los órdenes de la vida, y aun en la impartición de la justicia, no podrá obtener un juicio imparcial y justo porque, además, las influencias personales y políticas son tales que necesariamente habrán de influir en el presente proceso en el ánimo de la corte: que el juez de esa corte no estará completamente libre de tales influencias y que según su información y creencia existe el rumor de que si saliera absuelto será acometido y agredido, por lo que para evitarlo debe ser trasladado el asunto a la corte municipal más cercana, que es la de Río Piedras, y que en caso de que la corte entienda que no debe ser trasladado a la Corte Municipal de Río Piedras o a la de cualquier otro distrito municipal, entonces el juez de la corte se inhiba de entender en el caso. Esa moción fué resuelta por la corte negando el traslado interesado porque el denunciado no presentó prueba alguna en apoyo de su alega-

ción a pesar de que se le dió oportunidad para ello, pero el juez de la corte se inhibió del conocimiento de la causa.

Nombrado otro juez para substituir en este caso al inhibido, ante aquél presentó escrito el perjudicado Luis Arroyo en el que suplicó que el caso fuese trasladado a otro pueblo o distrito a fin de que el ambiente en Caguas en dicho caso no perjudique a su defendido (*sic*) y para evitar a su padre el sufrimiento de oír mencionar su nombre innecesariamente. El mismo día de esa moción el fiscal de distrito, Miguel García González, presentó moción a la corte haciendo una relación de las actuaciones en el caso, manifestando que al ser llamado para juicio reprodujo el abogado del denunciado su moción de traslado y el perjudicado presentó la moción a que hemos hecho referencia antes, la cual el fiscal hizo formar parte de la suya para que conste unida en los autos y solicitó de la corte que accediera al traslado solicitado por el denunciado, salvo el mejor criterio de la corte, y requiriendo que el traslado se hiciera a la Corte Municipal de Fajardo. El denunciado mostró por escrito su conformidad con la moción del fiscal. En la misma fecha la corte, vista la estipulación de las partes firmada por el fiscal del distrito y por el abogado defensor decretó el traslado del caso a la Corte Municipal de Fajardo. Celebrado el juicio en esta corte y dictada sentencia condenatoria fué interpuesta apelación contra ella para ante la Corte de Distrito de Humacao.

Al ser llamado el caso en dicha corte de distrito para celebrar el juicio de nuevo por virtud de la apelación, como dispone la ley, comparecieron El Pueblo de Puerto Rico por su fiscal y el acusado en persona y representado por abogado. Después de leída la denuncia y de haber hecho el apelante alegación de inocencia, la corte, por su propia iniciativa, declaró que la Corte Municipal de Caguas carecía de facultades para trasladar el caso a la Corte Municipal de Fajardo por no haberse cumplido los requisitos de ley a dicho efecto en tanto no se presentó prueba y que por eso dicha Corte Municipal de Fajardo actuó sin jurisdicción, siendo su sen-

tencia nula, por lo que ordenó que los autos fueran devueltos a la Corte Municipal de Caguas para ulteriores procedimientos.

Algunos meses después el fiscal auxiliar de este Tribunal Supremo, en representación del Procurador General de esta Isla, nos presentó petición en la que exponiendo los hechos antes consignados solicitó que librásemos un auto de *mandamus* contra la Corte de Distrito de Humacao, Hon. R. Arjona Siaca, ordenándole que anulando la resolución que dictó en este caso proceda a conocer de él hasta su resolución final. El auto fué librado condicionalmente y dispusimos que fuese notificado además al acusado Carmelo Rosario o a su abogado por si desea intervenir en este procedimiento y a la Corte Municipal de Caguas. El Juez de Distrito de Humacao y Carmelo Rosario han comparecido ante nosotros y se han opuesto a la expedición del auto interesado.

Dados los términos de la resolución y orden objeto de este recurso se infiere necesariamente de ellas que la Corte de Distrito de Humacao se consideró sin jurisdicción para resolver la apelación llevada ante ella porque la Corte Municipal de Fajardo no la tuvo para conocer del caso y para fallarlo por no haber sido trasladado propiamente a esa corte.

■ La primera cuestión a decidir en este caso es si tenemos facultad para librar un auto de *mandamus* en él, lo que niegan tanto los recurridos como el interventor Carmelo Rosario.

Cuando una corte por error de derecho se declara sin jurisdicción, decidiendo erróneamente sobre la cuestión de derecho, y no sobre los hechos, que carece de jurisdicción y se niega a actuar o a resolver el caso, por regla general una corte superior con poder de revisión expedirá un auto de *mandamus,* a menos que exista un remedio específico y adecuado mediante apelación, recurso de error o cualquier otro remedio de revisión. 38 C. J. 610, cuya nota 79 cita numerosas sentencias de los tribunales. En el caso presente no existe el recurso ordinario de apelación contra la resolu-

ción de la Corte de Distrito de Humacao objeto de este procedimiento porque no está concedido al fiscal por el artículo 348 del Código de Enjuiciamiento Criminal, por lo que podemos revisar la resolución de la corte de Humacao en este auto de *mandamus*.

La corte de Caguas no estaba obligada por las manifestaciones de las partes a decretar el traslado ni a remitir el caso a la corte que ellas significaran por acuerdo del fiscal y del denunciado (*El Pueblo* v. *Paz*, 12 D.P.R. 99) por lo que debemos entender que la Corte Municipal de Caguas ordenó el traslado por estar convencida de que las circunstancias manifestadas en la solicitud bajo juramento, por haber accedido el fiscal del distrito a que el asunto fuera trasladado, eran tales que el asunto debía remitirse a otro tribunal. En otras palabras, los hechos de la petición fueron así admitidos por el fiscal. Y también, que entendió que no debía enviar la causa a Río Piedras porque la petición del fiscal de que la mandase a Fajardo era una demostración de que hizo objeción a Río Piedras.

*En vista de las conclusiones a que hemos llegado opinamos que debe ordenarse definitivamente a la Corte de Distrito de Humacao por su juez Hon. R. Arjona Siaca que tome jurisdicción en la apelación que estableció Carmelo Rosario contra la sentencia de la Corte Municipal de Fajardo que lo condenó, y que la resuelva.*