CASANOVAS & CÍA., SUCRS., INC., peticionaria, *v.* HONS. JUAN ENRIQUE SOLTERO, JULIO N. MATOS y ULPIANO E. COLOM, en su carácter de miembros del TRIBUNAL DE APELACIÓN DE CONTRIBUCIONES DE PUERTO RICO, demandados.

Núm. 1295.—*Sometido:* Enero 18, 1943.   *Resuelto:* Marzo 29, 1943.

*Oscar Souffront*, abogado de la peticionaria; *Hon. Procurador General Interino M. Rodríguez Ramos*, abogado del Tesorero de Puerto Rico, interventor.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En este caso expedimos el 29 de mayo último un auto de *certiorari* que fué anulado el 18 de noviembre siguiente, y el mismo día se dictó un nuevo auto, todo de conformidad con nuestra decisión en 61 D.P.R. 56, en la cual se exponen detalladamente los hechos esenciales del caso. Como dijéramos entonces (pág. 58), la cuestión a resolver quedó reducida a determinar si constituyó o no error el negarse la deducción del sueldo del Presidente y del Secretario de la corporación peticionaria durante los tres años en controversia.

Pero aparece de los autos que al resolver este punto el Tribunal de Apelación de Contribuciones basó su decisión en un memorándum-sometido a la Junta de Revisión e Igua-

lamiento por F. Godoy, Inspector General de Contribuciones sobre Ingresos, en el que sostenía que el volumen de las ventas de la corporación no justificaba la deducción de los sueldos del Presidente y el Secretario de la corporación peticionaria. La cuestión de si los sueldos son razonables o no es una de hecho a determinarse por el Tribunal de Apelación de Contribuciones y esta Corte sólo podría alterar la conclusión a que llegara dicho tribunal en el caso de que del récord no apareciera que existía suficiente evidencia para sostener las conclusiones de aquél. *Montaner v. Comisión Industrial,* 54 D.P.R. 722; *Mayagüez Sugar Co.* v. *Tribunal de Apelación de Contribuciones,* 60 D.P.R. 753, 762.

Pero antes de determinar la cuestión a que hacemos referencia, precisa resolver si al llegar a las conclusiones a que llegó el tribunal inferior se ajustó dicho tribunal al debido procedimiento de ley. Aparece de los autos que el tribunal inferior dictó la resolución apelada sin celebrar vista alguna, basándose exclusivamente en las constancias del expediente que obraba en la Junta de Revisión e Igualamiento, de donde tomó el informe del Sr. Godoy. Tal procedimiento por parte del tribunal inferior viola abiertamente la garantía constitucional del debido procedimiento de ley, como sostuvimos en el caso de *Mayagüez Sugar Co.* v. *Tribunal de Apelación de Contribuciones,* 60 D.P.R. 753.

*Siendo ello así, procede revocar la resolución apelada y devolver el caso al tribunal inferior para que celebre una nueva vista ajustándose al procedimiento que determina la ley.*