JUAN ALEMAÑY SOSA, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y GUILLERMO ATILES MORÉU, ADMINISTRADOR DEL FONDO DEL ESTADO, recurridos.

Núm. 287.—*Sometido:* Febrero 14, 1944. *Resuelto:* Mayo 5, 1944.

*Virgilio Brunet,* abogado del recurrente; *Hon. Procurador General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar* y *Joaquina Pérez Cordero, Angel de Jesús Matos, Joaquín Correa Suárez* y *A. Sandín del Manzano,* abogados los cuatro últimos del Fondo del Estado, abogados todos del Administrador del Fondo.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El Administrador del Fondo del Seguro del Estado, al fijar la prima preliminar para el año 1942–43 que debía pagar el patrono Juan Alemañy Sosa, le impuso una penalidad de veinticinco por ciento, equivalente a un aumento en su prima de $158.15. El Administrador basó esa determinación en el Boletín Administrativo núm. 800, el cual establece un sistema de méritos en los seguros de obreros. El patrono, al recurrir ante la Comisión Industrial para impugnar la penalidad impuéstale, atacó la validez del Reglamento. El caso se vió ante la Comisión en pleno tal como estaba constituída el 2 de junio de 1942, pero en la decisión del caso actuó como ponente el señor Enrique Campos del Toro, quien en la fecha de la vista no era miembro de la Comisión. La Comisión Industrial confirmó la decisión del Administrador. Solicitó reconsideración el patrono y le fué denegada. Recurrió entonces para ante este tribunal, imputando a la Comisión Industrial siete errores, entre los cuales

se halla el de basarse la resolución recurrida en un documento que no fué objeto de prueba.

La Comisión sostuvo la validez del Reglamento; pero al revisar la actuación del Administrador que impuso la penalidad en cuestión, la Comisión tomó en consideración un documento que no fué presentado en evidencia, el cual consistía de un estado demostrativo del resultado de la póliza del patrono, del cual surgía que la póliza había operado con déficit. La prueba que resultaba del documento no presentado en evidencia, era indispensable para poner a la Comisión en condiciones de determinar si el Administrador actuó correctamente en la aplicación del Reglamento. El patrono pidió la reconsideración por ese y otros fundamentos, pero como hemos dicho le fué denegada. El Administrador acepta que el documento en cuestión no fué presentado en evidencia, pero arguye que todos los records del administrador pueden ser considerados por la Comisión sin necesidad de que sean admitidos en evidencia, alegando además que en su moción de reconsideración el patrono no impugnó la veracidad de dicho documento.

Lo que prescribe el artículo 6 de la Ley de Compensaciones por Accidentes del Trabajo es que ''los expedientes de investigación de casos de acuerdo con esta Ley, que se encuentren en poder del Administrador del Fondo del Estado, *serán admisibles* como evidencia por la Comisión Industrial.'' (Bastardillas nuestras.) La condición de admisibilidad no significa que pueden ser considerados como evidencia si no han sido ofrecidos y admitidos como tal. Al considerar como evidencia el documento en cuestión, la Comisión Industrial privó al patrono del debido procedimiento de ley. *Mayagüez Sugar Co. v. Tribl. de Apelación,* 60 D.P.R. 753; *Casanovas & Cía. v. Soltero,* 61 D.P.R. 653. No era necesario que el patrono en su moción de reconsideración impugnase la veracidad del documento. Él tenía un derecho claro a que dicho

documento no fuese considerado como evidencia sin antes haber sido presentado como tal.

La conclusión a que hemos llegado hace innecesaria la discusión de los demás errores señalados por el recurrente.

*Procede revocar la resolución recurrida y devolver el caso a la Comisión Industrial para la celebración de una nueva vista en la cual el patrono tenga la oportunidad de ser oído en relación con dicho documento.*