Jenara Figueroa Vda. de Villafañe, recurrente, *v.* Comisión Industrial de Puerto Rico, Etc., demandada.

Núm. 333.—*Sometido:* Febrero 12, 1945. *Resuelto:* Marzo 6, 1945.

*Herminio A. Concepción,* abogado de la recurrente; *A. de Jesús Matos, J. Correa Suárez* y *A. Sandín del Manzano,* abogados del interventor, Administrador del Fondo del Seguro del Estado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En la solicitud de revisión radicada en este caso, se alega que la recurrente ha estado asegurada con el Fondo del Seguro del Estado, en su negocio de plantaciones de caña, du-

rante los años económicos de 1937 a 1942 y que de conformidad con la ley rindió oportunamente su nómina anual para los años 1940–41 y 1941–42, informando el montante de los salarios pagados a sus obreros durante los referidos años, a fin de que el Administrador computara las primas correspondientes a su póliza; que en septiembre 17 de 1942, la recurrente fué notificada de la liquidación para el año 1941–42, ascendente a $241.82, y de las primas correspondientes al año 1942–43, montantes a $412.20, haciendo en total $613.07; que habiéndose solicitado la revisión por la Comisión Industrial y estando el caso sometido a la Comisión, el Administrador notificó a la recurrente una nueva liquidación, dejando sin efecto la anterior y haciendo liquidaciones finales para los años 1938 a 1942, ascendiendo el total a $1,035.88; que en septiembre 30 de 1943 la Comisión dictó una resolución declarando que la liquidación practicada por el Administrador por los años 1941–42 y 1942–43 era nula por no ajustarse a la ley; que posteriormente el Administrador consiguió que dicha resolución quedase sin efecto y que se celebrara una nueva vista, después de la cual la Comisión dictó una resolución desestimando la apelación interpuesta por la recurrente; y, por último, que la Comisión se negó a reconsiderar y confirmó su resolución dictada el 15 de agosto de 1944.

La recurrente basa su recurso en cuatro señalamientos de errores que a su juicio han sido cometidos por la Comisión.

 El primer señalamiento es que la Comisión erró al resolver que el Administrador del Fondo está legalmente autorizado para imponer a la peticionaria una penalidad de 25 por ciento sobre el tipo básico de 6 por ciento, sin dar al patrono una oportunidad de ser oído y presentar su defensa.

La imposición preliminar para el año 1942–43, notificada por el Administrador a la recurrente en septiembre 17 de 1942 (*Exhibit* 2) se basó en una nómina estimada de $5,496. La cuota o prima que se impuso a la recurrente fué calcu-

lada aplicando el tipo básico de 6 por ciento, más el 25 por ciento de penalidad, o sea al 7.50 por ciento y ascendió a $412.20, suma que fué incluída en la liquidación final notificada a la recurrente en enero 12 de 1943.

El artículo 24 de la Ley núm. 45 de 1935, "Ley de Compensaciones por Accidentes del Trabajo", en su último párrafo, lee así:

"El Administrador del Fondo del Estado de igual modo tendrá derecho a cobrar individualmente a cada patrono en la misma industria, el porcentaje de primas que a su juicio sea más justo y un recargo adicional sobre las primas que él fije, cuando por no hacerse uso de aparatos de seguridad industrial, por mala administración o debido a otras razones que no puedan explicarse satisfactoriamente al Administrador, ocurra en la fábrica, establecimiento o sitio de trabajo de dicho patrono, una serie de accidentes fuera de toda proporción con el número corriente, que ocurra en establecimientos, factorías o sitios de trabajo similares a los de otros patronos que se dediquen a la misma industria o negocio; y a tal fin, el Administrador queda por la presente autorizado para dictar las reglas que estime oportunas."

Es indudable que el estatuto que acabamos de transcribir confiere al Administrador la facultad de imponer y cobrar a un patrono individual un recargo adicional sobre las primas fijadas para la industria a que el mismo se dedique. Empero, no es esa una facultad que el Administrador pueda ejercer caprichosamente. Es requisito esencial para su legal ejercicio que en la fábrica o sitio de trabajo del patrono a quien se ha de imponer la penalidad de un recargo adicional hayan ocurrido una serie de accidentes fuera de toda proporción con el número corriente de accidentes ocurridos en otras factorías o sitios de trabajo dedicados a la misma industria; y que esos accidentes hayan sido motivados por no haber usado el patrono aparatos de seguridad industrial o por mala administración o por otras razones que no puedan explicarse satisfactoriamente al Administrador. De confor-

midad con la letra y el espíritu del estatuto, es evidente que el Administrador no está autorizado para imponer la penalidad del recargo adicional, sin dar antes una oportunidad al patrono para, si le fuere posible, explicar a satisfacción del propio Administrador las causas que motivaron el número extraordinario de accidentes ocurridos a sus obreros. Si se autorizara al Administrador para imponer estas penalidades, sin oír al patrono y sin darle una oportunidad de defenderse, el estatuto estaría en contravención con el precepto de nuestra Carta Orgánica (art. 2, párrafo 1) de que "no se pondrá en vigor en Puerto Rico ninguna ley que privare a una persona de la vida, libertad o propiedad sin el debido procedimiento de ley". Véase: *Alemañy v. Comisión Industrial,* 63 D.P.R. 601.

En ninguna de las dos liquidaciones notificadas por el Administrador a la peticionaria se hicieron constar las razones o motivos en que se basara el Administrador para imponer a la peticionaria un recargo adicional de 25 por ciento sobre el tipo básico de 6 por ciento.

Del récord del caso, que tenemos a la vista, no aparece que la Comisión concediera en momento alguno una oportunidad a la peticionaria para presentar evidencia en apoyo de su alegación (párrafo cuarto, D, Solicitud de Revisión) de que la penalidad de 25 por ciento sobre el tipo básico le fué impuesta por el Administrador arbitrariamente, ya que dicho funcionario se basó en que en otros sitios de trabajo distintos al de la peticionaria había ocurrido un número desproporcionado de accidentes, sin tomar en consideración el hecho de que en el sitio de trabajo de la peticionaria no habían ocurrido tales accidentes. La Comisión se limitó a resolver que el Administrador está facultado por la ley para imponer recargos adicionales, sin entrar a considerar si al hacer uso de esa facultad en el caso de autos se había ajustado a los términos del estatuto, cometiendo así el error imputádole.

■■ El tercero y cuarto señalamientos pueden ser considerados conjuntamente. Alega la recurrente que la Comisión erró al resolver que el Administrador tiene facultad para imponer primas a base de cálculos hechos por él, sin tomar en consideración las nóminas rendidas por el patrono de acuerdo con la ley; y que dicho funcionario actuó correctamente en el presente caso al fijar la prima a base de un coste de $2 por tonelada, de acuerdo con el número de toneladas de cañas molidas por la peticionaria y siguiendo el promedio de costo uniforme para todos los patronos de la misma industria.

En la petición de revisión radicada ante la Comisión, la peticionaria alegó que el Administrador al fijar las primas no tomó en consideración las nóminas radicadas por la peticionaria para los años 1940–41 y 1941–42, ascendentes solamente a $2,000 por cada año; y tomando arbitrariamente como base el tipo de $2 por tonelada de caña molida, hizo ascender la nómina a $5,496.62 por cada año. Contestó el Administrador, que los jornales informados no guardan proporción con las actividades del patrono; que éste no demostró al Administrador ni el Administrador pudo comprobar, a pesar de las gestiones practicadas, que las nóminas informadas por el patrono representan el verdadero montante de los jornales realmente pagados por dichos años; y que por ese motivo, "en el uso de su discreción, fijó, a los fines de computar la prima, un costo promedio de $2 por tonelada de caña molida".

En la resolución recurrida, al resolver la cuestión planteada por estos dos señalamientos, la Comisión se expresó así:

"A las dos se llamó el caso y no estaban presentes ni el querellante ni su abogado, por lo que se esperó por ellos hasta las dos y media, y en vista de que no llegaban, los abogados del Administrador, señores Correa y de Jesús, anotaron la rebeldía del querellante y solicitaron se les permitiera presentar prueba en apoyo de la decisión del Administrador. Mientras se presentaba la prueba del Adminis-

trador, a las tres menos veinte minutos de la tarde, entró a la sala de sesiones el abogado señor Concepción, quien dijo que había estado esperando por su cliente, pero que éste no había llegado.

"No hay duda, que es al apelante a quien corresponde demostrar que el Administrador se apartó de las normas prescritas por la Ley al imponer y fijar la prima, y no habiendo el querellante presentado evidencia alguna en apoyo de sus alegaciones, sería procedente que se desestimara de plano su solicitud, sin embargo, se oyó la prueba del Administrador que consistió en las declaraciones de los testigos Benigno Segarra y Enrique Ramírez Moll, ambos funcionarios del Fondo del Estado para la fecha de la imposición de las cuotas que son objeto de impugnación. Las declaraciones de estos testigos fueron en el sentido de que el patrono en todo momento negó llevar libros de contabilidad de clase alguna, y no tener libretas de jornales, ne-gándose a darle información alguna que les permitiera a ellos com-probar si las nóminas sometidas por el patrono eran o no un reflejo de la verdad, y como consecuencia de eso, procedieron a hacer la correspondiente investigación en la central Fajardo en donde el pa-trono molía sus cañas, y con otros vecinos colindantes del patrono y llegaron a la conclusión de que para los años 1940–1941, 1941–1942 y 1942–1943, este patrono molió más cañas y pagó mayor cantidad de jornales de las que él informó y que la imposición preliminar y liquidación final y provisional, montante en total a $613.07 es ra-zonable.

"Terminada la prueba del Administrador, el abogado, señor Con-cepción, solicitó se le permitiera a su cliente presentar su prueba y entonces este Comisionado le concedió un término de cinco días, a partir de la fecha en que se celebró la vista, para que expusiera las razones que hubiere tenido para no comparecer a la vista, indicándole al abogado que se considerarían las razones que expusiera su cliente, y si éstas eran meritorias se reabriría el caso para darle oportunidad de presentar su prueba y si no lo eran el caso se resolvería con la prueba presentada por el Fondo del Estado. El término de cinco días ha expirado y el querellante no ha radicado escrito alguno en la Secretaría de esta Comisión, explicativo de las razones que tu-viera para no comparecer el día 7 de agosto corriente."

Debemos presumir, como lo presumió la Comisión, que al hacer la tasación de las primas impuestas a la recurrente el Administrador cumplió con las disposiciones de los artículos 25 (enmendado por la Ley núm. 160 de 9 de mayo, 1942),

26 y 27 de la Ley de Compensaciones por Accidentes del Trabajo. La Comisión ofreció a la recurrente una oportunidad de solicitar la reapertura del caso, para presentar su prueba en contra de la presentada por el Administrador. La recurrente dejó pasar esa oportunidad y no puede ahora quejarse de que la Comisión haya dictado una resolución basada en la prueba aducida por el Administrador.

En el segundo señalamiento se alega que la Comisión erró al resolver que el Administrador podía imponer el tipo básico de 6 por ciento sin antes notificar a los patronos y sin celebrar vistas públicas.

La resolución recurrida no contiene tal pronunciamiento. Lo único que resolvió la Comisión fué, que habiendo entrado en vigor los tipos impugnados el 1 de julio de 1942, y habiéndose radicado el escrito de revisión en 5 de octubre de dicho año, la Comisión carecía de jurisdicción para revisar la decisión del Administrador por haber expirado el término de treinta días dentro de los cuales debió haberse radicado la petición de revisión, de conformidad con lo prescrito en el artículo 24 de la Ley de Compensaciones por Accidentes del Trabajo, según quedó enmendado por la Ley núm. 160 de 9 de mayo de 1942 ((1) pág. 857).

*Por las razones expuestas al discutir el primer señalamiento, se revoca la resolución recurrida en cuanto a la imposición de la penalidad, se confirma en cuanto a los demás pronunciamientos, y se devuelve el caso a la Comisión Industrial para ulteriores procedimientos no inconsistentes con esta opinión.*