José Suárez Martínez, peticionario, *v.* Corte de Distrito de San Juan, Hon. Emilio S. Belaval, Juez, demandada; Elmer Ellsworth et al., interventores.

Núm. 415.—*Sometido:* Marzo 5, 1946. *Resuelto:* Marzo 26, 1946.

*E. Martínez Rivera, Luis Blanco Lugo* y *F. Fornaris, Jr.* abogados del peticionario; *Hon. Procurador General E. Campos del Toro* y *Luis Venegas Cortés,* abogado especial éste del Procurador General, abogados ambos del Juez recurrido; *V. Gutiérrez Franqui,* abogado de los interventores, demandados en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En la petición radicada en esta corte por José Suárez Martínez se solicita se expida un auto de *mandamus* dirigido

al Juez de la Corte de Distrito de San Juan, Emilio S. Belaval, requiriéndole para que deje sin efecto la sentencia que dictó en el caso Civil Núm. R-7367 y proceda a señalar y a celebrar una vista para oír a las partes sobre la procedencia de las medidas judiciales que intentó adoptar en dicha sentencia. Se alega en la petición, en síntesis, lo siguiente:

Que en el caso Civil Núm. R-7367 de la corte inferior en el cual el peticionario figura como demandante y Rexford G. Tugwell y otros como demandados, sobre *injunction*, el juez aquí demandado consideró el litigio listo para verse en su fondo y señaló el día 26 de febrero de 1946, a las nueve de la mañana, para el juicio; que alrededor de las cinco de la tarde del día 25 de febrero dicho juez, actuando a instancia propia, sin que mediara moción de ninguna de las partes y sin oír al demandante, dictó sentencia en dicho caso ordenando su archivo y sobreseimiento, anuló una orden de entredicho y una orden de injunction preliminar que había sido dictada en dicho caso; disolvió la sindicatura que había sido decretada en el mismo y como consecuencia dejó sin efecto el señalamiento para juicio hecho para el 26 de febrero.

Se alega, además, que la actuación del juez recurrido constituye "una falta de cumplimiento . . . de su obligación legal de velar porque sus actuaciones judiciales se ajusten al requisito constitucional del debido proceso de ley y de prevalecer, tendría el efecto de negar al peticionario el derecho constitucional de comparecer ante la corte y ser oído en su solicitud de un remedio judicial en el litigio tramitándose, así como una negación al demandante por el ejercicio ilegal, arbitrario y abusivo de cualquier facultad discrecional que pudiera tener el magistrado, de la protección igual de las leyes que permiten a los ciudadanos de esta comunidad el recurrir a los tribunales a litigar sus derechos."

Se alega, por último, que, con excepción del recurso de mandamus, el peticionario carece de otro recurso rápido y

eficaz en ley o en equidad para obligar al demandado a oír al peticionario, ya que ni el recurso de apelación ni el de certiorari que podrían establecer tendrían eficacia inmediata alguna.

Expedimos un auto alternativo y no habiéndose allanado el juez recurrido a dejar sin efecto la sentencia dictada en el caso antes referido y a oír a las partes sobre la procedencia de las medidas judiciales que incluyó en la sentencia, compareció el día 5 de marzo de 1946, representado por el Procurador General y en contestación a dicho auto alegó que la petición en este caso no procede:

1ro. Porque ella "no ofrece el cuadro completo de las circunstancias que determinaron la actuación del juez recurrido, ya que en el escrito no se mencionan los fundamentos expuestos en la sentencia de febrero 25 de 1946" ni se hace la menor referencia a la aprobación de la Ley núm. 1 aprobada el 25 de febrero de 1946 "Para enmendar el título y la sección 4 de la Ley para Definir los Injunctions, etc." (¹) y de la Ley núm. 2 aprobada el 25 de febrero de 1946 "Para prohibir la acción pública conocida en equidad como acción del contribuyente (*taxpayer's suit*) en las cortes de Puerto

---

(¹)Por el artículo 3 de esta Ley se enmienda la sección 4 de la Ley sobre Injunctions en lo pertinente, así: ·

"Sección 4.—No podrá otorgarse un *injunction* ni una orden de entredicho:

    \*      \*      \*      \*      \*      \*.      \*

"3.—Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico de un funcionario público, de una corporación pública o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable, que dicha ley o actuación autorizada por ley es inconstitucional o inválida.

"Cualquier *injunction* preliminar, permanente, o con carácter de entredicho, incluso cualquier orden para hacer efectiva la jurisdicción de un tribunal o para asegurar la efectividad de una sentencia, que se haya expedido en las circunstancias expuestas en este inciso 3 y que esté en vigor a la fecha de vigencia de esta Ley o que en lo sucesivo se expidiere, será nulo e inefectivo."

Rico.''(²)   Se alega que estas leyes por ser de carácter urgente empezaron a regir inmediatamente después de su aprobación, es decir, el mismo día 25 de febrero de 1946 en que el juez recurrido dictó su sentencia.

2. Porque estando el caso Civil núm. R-7367 sobre injunction al tiempo en que el juez recurrido dictó su sentencia ''incurso en las prohibiciones de las Leyes núms. 1 y 2 de febrero 25 de 1946, el compareciente no hizo otra cosa, al ordenar el archivo del pleito, que reconocer y declarar un hecho consumado ya por la Legislatura de Puerto Rico.''

3. Porque los pronunciamientos contenidos en la sentencia son meras fórmulas judiciales impuestas al juez recurrido como un deber ministerial por el mandato urgente e imperativo de las disposiciones de las mencionadas leyes y que asimismo, la suspensión de la vista señalada para el día 26 de febrero ''fué impuesta por las circunstancias, ya que por mandato categórico de la Legislatura la acción había quedado prohibida y la jurisdicción del juez recurrido descontinuada desde el día anterior, al aprobarse la ley proscribiendo los pleitos del contribuyente'' y que la celebración de dicha vista ''en nada hubiera beneficiado al peticionario José Suárez Martínez y, en cambio, hubieran continuado en entredicho por un tiempo las operaciones de la Compañía Agrícola de Puerto Rico con las pérdidas eventuales, a pesar de la existencia de un precepto terminante de ley, en contrario.''

---

(²)Los artículos 2 y 3 de esta Ley disponen:

''Artículo 2.—La acción conocida en equidad como acción del contribuyente (taxpayer's suit) queda por la presente prohibida.

''Artículo 3.—Ninguna corte de Puerto Rico tendrá jurisdicción para conocer, o continuar conociendo si se hubiera ya iniciado, bien en primera instancia o en grado de apelación, de ninguna acción o procedimiento en que se impugne la validez o constitucionalidad de cualquier ley o resolución de la Asamblea Legislativa de Puerto Rico o de cualquier actuación de un funcionario público autorizada por ley de la Asamblea Legislativa de Puerto Rico, cuando el demandante no alegue otro interés en la acción o procedimiento, ni otra capacidad para demandar, que la de ser contribuyente o representar a los contribuyentes como clase y que, como tal, sufre o pueda sufrir daños por virtud de dicha ley, resolución o actuación.''

4. Porque el juez recurrido carece de jurisdicción para dejar sin efecto la sentencia dictada y para celebrar una vista y oír a las partes sobre la procedencia de los pronunciamientos contenidos en la misma porque (*a*) ninguna corte en Puerto Rico tiene facultad para conocer o continuar conociendo en pleitos de la naturaleza del caso Civil R-7367; (*b*) las leyes 1 y 2 de febrero 25 de 1946 son constitucionales y válidas; (*c*) la Ley núm. 1, supra, es una ley adjetiva que no perjudica derechos sustantivos y por ello no conflige ni con la Carta Orgánica ni con la Constitución federal y (*d*) la Ley núm. 2, supra, tampoco afecta derechos substanciales ni viola la Carta Orgánica o la Constitución federal, sino que se refiere a un procedimiento que, en las jurisdicciones donde se le reconoce, se apoya en consideraciones de derecho público y jamás procede cuando existe ley escrita en contrario.

Varios de los demandados en el caso Civil núm. R-7367 solicitaron permiso para intervenir y alegar contra la petición, que les fué concedido y al efecto radicaron un escrito de oposición a la petición en el cual, después de admitir y negar ciertos hechos alegados en la misma, alegaron que el mandamus no procede:

(*a*) Porque la petición es insuficiente.

(*b*) Porque no se alega que en momento alguno el peticionario solicitara del juez recurrido que dejara sin efecto la sentencia dictada y procediera a señalar y a celebrar una vista para oír a las partes sobre la procedencia de las medidas judiciales que adoptó, sin que se alegue tampoco razón de interés público o de clase alguna, para prescindir de ese requisito previo.

(*c*) Porque el peticionario ha descrito la sentencia dictada en forma inadecuada y distinta a la verdadera sentencia dictada, presentando una versión mutilada, incompleta y tendenciosa de la misma.

(*d*) Porque la sentencia dictada es una de carácter final que dispuso definitivamente de la controversia dejando al peticionario en condiciones de proseguir en la defensa de su alegado derecho dentro del curso ordinario de la ley.

(*e*) Porque el hecho de ser el peticionario el demandante en el caso R-7367 no demuestra que tenga interés en la expedición del auto de mandamus, ocultándose que el peticionario aparece en dicho pleito a nombre y en representación de todos los contribuyentes de Puerto Rico alegando como su único interés en el mismo ser ciudadano de los Estados Unidos y de Puerto Rico y el ser propietario que paga contribuciones al erario de la isla.

(*f*) Porque la sentencia del juez recurrido nada tiene que ver con el requisito constitucional del debido proceso de ley: (1) porque no se alega que ella afecte a la vida, propiedad o libertad del peticionario, ya que ni en este procedimiento ni en el pleito principal están envueltas la vida, ni la propiedad ni la libertad del peticionario y (2) porque el peticionario tiene distintos procedimientos en ley para revisar la sentencia.

(*g*) Porque tan pronto se dictó la sentencia el peticionario pudo (1) solicitar del juez la dejara sin efecto hasta tanto se le oyera sobre los puntos envueltos; (2) solicitar la revisión de lo actuado mediante petición de certiorari a este Tribunal y (3) perfeccionar una apelación de la misma ante este Tribunal.

Alegan, además, los interventores que la Ley núm. 1, supra, declaró nulo e inefectivo cualquier injunction preliminar o con carácter de entredicho, que habiendo sido expedido en las circunstancias en que se expidieron los anulados por el juez recurrido, estuviera en vigor a la fecha de la vigencia del referido estatuto y que la Ley núm. 2, supra, privó a la corte inferior de jurisdicción para conocer o continuar conociendo del caso del peticionario y que perdida dicha jurisdicción la única función que quedaba al juez recurrido era

la de anunciar el hecho, archivar la causa y anular el injunction y el entredicho dictados y esto podía hacerlo bien a instancia de parte o *motu proprio*.

Celebrada la vista y oídas las partes éstas solicitaron y se les concedió término para radicar alegatos escritos lo que han hecho el peticionario y los interventores. El juez recurrido renunció a su derecho a radicarlo informando que aprueba y acepta el de los interventores.

Los interventores han radicado, además, una moción alegando que "en virtud de las disposiciones de la Ley núm. 2 de 1946, esta Corte carece de jurisdicción para entender en el presente caso," porque "el peticionario no puede tener en este procedimiento ni otro ni mayor interés que el que tiene en la acción principal y esa clase de acciones está prohibida en todas las cortes de Puerto Rico por el referido estatuto." Asumiendo, sin resolverlo, que tengamos jurisdicción, no obstante la Ley núm. 2 de 1946, creemos que la petición en este caso debe ser desestimada por otros motivos que pasamos a considerar.

Es conveniente hacer constar que el peticionario, en su alegato escrito, ratificando lo que dijo el día de la vista, limita el alcance de su petición en la forma siguiente:

". . . En la petición de mandamus ante esta Corte sólo se plantea la cuestión referente al archivo de la acción de injunction sin concederse previamente al demandante la oportunidad de ser oído. *Independientemente de cualquier efecto o alcance que en aquel procedimiento puedan tener las Leyes 1 y 2, la actuación de la corte inferior decretando el archivo del caso sin notificación al demandante y sin ofrecer a éste oportunidad alguna para oírlo, constituye el único fundamento de este recurso.*

"La cuestión de si las Leyes 1 y 2 son inconstitucionales *no está ante esta Corte en esta ocasión.* El error cometido por la corte inferior dejando de ofrecer al peticionario la oportunidad de oírle hace que su sentencia de archivo sea enteramente nula, (*Mayagüez Sugar Co.* v. *Tribunal de Apelación de Contribuciones,* 60 D.P.R. 753; *Casanovas & Cía.* v. *Soltero,* 61 D.P.R. 653, 654; *Figueroa* v. *Asociación,* 60 D.P.R. 84) y el hecho de que la misma pudiere considerarse

bien fundamentada, no constituye defensa alguna válida en oposición el auto de mandamus." (Bastardillas nuestras.)

Los tres casos citados por el peticionario no tienen aplicación al de autos. Ninguno de ellos era uno de mandamus. El de *Figueroa* v. *Asociación Fondo de Ahorro*, etc., fué una apelación de una sentencia en un caso de injunction y en dicho recurso se resolvió que "Para revocar la sentencia bastaría considerar los dos últimos señalamientos de error por virtud de los cuales se levanta la cuestión de haberse la misma dictado sin dar oportunidad a la demandada de presentar evidencia."

En el de *Mayagüez Sugar Co.* v. *Tribunal*, se trataba de un certiorari contra una decisión del Tribunal de Apelación de Contribuciones en el cual dicho tribunal resolvió un caso que había recibido de la extinta Junta de Revisión e Igualamiento sin celebrar una vista y resolvimos que dicha decisión sin conceder al contribuyente la oportunidad de ser oído, era nula.

El mismo principio fué aplicado en el tercero de dichos casos, *Casanovas & Cía.* v. *Soltero*, también un recurso de certiorari contra el mismo tribunal.

Limitada la controversia, como lo ha sido por el propio peticionario, y sin que aprobemos la actuación del juez recurrido como la que debe seguirse por las cortes inferiores en otros casos en tramitación y pendientes de fallo, somos de opinión que el auto de mandamus perentorio solicitado no debe ser expedido por los fundamentos siguientes:

█ Hemos resuelto consistentemente[3] que no procede dictarse este auto a menos que el peticionario alegue que ha requerido al funcionario u organismo recurrido para que actúe en la forma que solicita se le ordene actuar. El úl-

---

[3] Véanse: *Zavala et al.* v. *Consejo Ejecutivo de Puerto Rico*, 9 D.P.R. 211; *Negrón et al.* v. *El Superintendente de Elecciones*, 11 D.P.R. 366; *Morales* v. *Wilson et al.* 16 D.P.R. 751; *Pacheco et al.* v. *R. Cuevas Zequeira*, 27 D.P.R. 205; *Martínez Nadal* v. *Saldaña*, 33 D.P.R. 721; *Sucrs. de A. Mayol & Co. Inc.* v. *McLeod, Auditor*, 44 D.P.R. 34; *Urdaz* v. *Padín, Comisionado*, 48 D.P.R. 306; *Colón* v. *Comisión Industrial*, 55 D.P.R. 14

timo caso resuelto es el de *Medina* v. *Fernós,* 64 D.P.R. 857. En él expusimos la regla general y sus excepciones y es por demás reciente para que las repitamos aquí.

En la petición no se alega que se solicitara del juez recurrido que reconsiderara la sentencia dictada o que óyera al peticionario sobre la procedencia de dejar sin efecto dicha sentencia o cualquier o todos los pronunciamientos en ella contenidos. El día de la vista el abogado del peticionario admitió que no lo había solicitado del juez recurrido por entender que se hubiera negado a ello. Un litigante no debe presumir de antemano cómo ha de actuar un juez. La presunción es que todo juez, consciente del juramento que ha prestado al asumir su cargo, actuará de acuerdo con los hechos que se le prueben y la ley aplicable a ellos. Lo único que se nos pide que ordenemos al juez recurrido a hacer es precisamente lo que no ha querido el peticionario solicitar directamente de dicho juez. Pudo el peticionario en su moción de reconsideración plantear todas las cuestiones que señala en su alegato que desea tener la oportunidad de discutir en primera instancia ante la corte inferior. Pudo, además, el peticionario plantear otras cuestiones relacionadas con la nueva situación creada a virtud de la aprobación de las Leyes núms. 1 y 2 de 1946 y si tenía derecho a enmendar su demanda para ajustarla a los términos de dicha legislación. La razón para exigir que se presente una moción de reconsideración en un caso como el de autos es que por haberse dictado la sentencia *sua sponte* por el juez, dicha moción hubiera concedido a la corte inferior la oportunidad de oír al peticionario, resolver las cuestiones planteadas y corregir cualquier error que hubiere cometido, si alguno. *Cf. Las Monjas Racing Corp.* v. *Corte,* 40 D. P. R. 294, a la pág. 295. De serle denegada la reconsideración pudo apelar para ante esta Corte de dicha providencia y además de la sentencia. Posiblemente procedería además el recurso de *certiorari* autorizado por la Ley núm. 32 de 1943 (pág. 85).

██ Teniendo el peticionario a su alcance remedios eficaces en el curso ordinario de la Ley, no procede el mandamus para revisar la forma en que fué dictada una sentencia de carácter final porque de acuerdo con el artículo 651 del Código de Enjuiciamiento Civil (Artículo 3, Ley de Mandamus) este auto "No podrá dictarse en ningún caso en que exista un remedio adecuado y eficaz en el curso ordinario de la ley." Véanse entre otros, los casos siguientes: *Maitín v. Castro*, 14 D.P.R. 293; *Meléndez et al. v. Cuchí*, 15 D.P.R. 658; *Puente et al. v. Foote, Juez de Distrito*, 17 D.P.R. 889; *Dyer v. Rossy*, 23 D. P. R. 772; *"El Ancora" v. Brenes*, 39 D. P. R. 798; *Pueblo v. Corte*, 47 D. P. R. 239; *Pueblo v. La Costa, Jr., Juez*, 59 D.P.R. 179; habiéndose resuelto en los de *Pueblo v. Corte*, 47 D.P.R. 239, y *Smallwood v. Corte*, 53 D.P.R. 742, que sí procedía expedir dicho auto cuando, no existiendo el remedio ordinario de apelación, una corte inferior erróneamente se declara sin jurisdicción para conocer o continuar conociendo de un caso.

Sobre los distintos aspectos de esta cuestión véanse las extensas Monografías en 4 A. L. R. 582 y 82 A. L. R. 1163.

En el caso de *Smallwood v. Corte,* supra, se citaron, con aprobación, los casos de *Boone v. District Court*, 38 Idaho 688, 224 P. 429; *Hargadine-McKittrick Dry Goods Co. v. Garesche,* (Mo.), 227 S. W. 824, y *State ex rel. Musselshell County et al.* v. *District Court*, 89 Mont. 531, 300 P. 235. En este último se resolvió, citando del sumario, que:

"Si una corte *erróneamente* decide como cuestión de derecho que no tiene jurisdicción, y por tanto deniega a un litigante el derecho a ser oído *en los méritos* y rehusa determinar los hechos o a continuar entendiendo del caso, ha dejado de cumplir un deber impuesto por ley, y procede el mandamus *a menos que exista un remedio adecuado por apelación, auto de error u otra forma de revisión."* (Bastardillas nuestras.)

En el caso de *In re Key,* 189 U. S. 84, la Corte dijo: "El auto de mandamus no puede usarse para realizar el oficio de una apelación o auto de error, y no procede para revisar

una sentencia o decreto final, aun cuando no se conceda por ley una apelación o auto de error. No se concede en casos dudosos o cuando existe otro remedio adecuado, y su expedición por lo general descansa en la sana discreción de la corte.''

De acuerdo con estas autoridades y aplicándolas a los hechos concurrentes solamente si la petición alegara que la corte inferior había resuelto erróneamente que no tenía jurisdicción y no existiendo un remedio adecuado por apelación, procedería el mandamus. Empero, el peticionario no nos ha puesto en condiciones de resolver, ni interesa que resolvamos, si la corte inferior tiene o no jurisdicción para continuar conociendo del Caso Núm. R–7367. Su petición se limita a solicitar que se le conceda una audiencia, que en todo momento pudo solicitar directamente de la corte inferior. Eso, de por sí, como hemos dicho, no es suficiente para justificar que expidamos el auto de mandamus. La petición debió alegar hechos afirmativos de que la demanda en la acción principal aducía una causa de acción sobre la cual, no obstante las Leyes núms. 1 y 2 de 1946, la corte inferior tenía jurisdicción. No sólo no se alegó esto en la petición sino que ni siquiera conocemos cuáles son las cuestiones alegadas en dicha demanda.

Ninguno de los casos citados por el peticionario en su alegato sostiene la proposición de que procede un auto de mandamus para obligar a una corte a oír a las partes antes de dictar una sentencia final ordenando el sobreseimiento de un caso por falta de jurisdicción en la corte para continuar actuando en el mismo.

Deseamos hacer claro que al denegar la petición en este caso no estamos insinuando que la corte inferior actuó correctamente al decidir que no tenía jurisdicción. Lo único que nos ha pedido el peticionario es que por mandamus obliguemos al juez recurrido a oírle y eso es lo único que denegamos.

*Debe anularse el auto condicional expedido y desestimarse la petición.*